[No. S144813. July 17, 2008.]

DANIEL L. BERGLUND, Plaintiff and Respondent, v.
ARTHROSCOPIC & LASER SURGERY CENTER OF SAN DIEGO, L.P.,
Defendant and Appellant.

530

**COUNSEL**

Higgs, Fletcher & Mack, John Morris, William A. Miller and Michael S. Faircloth for Defendant and Appellant.

Law Office of Marc O. Stern and Marc O. Stern for Plaintiff and Respondent.

OPINION

KENNARD, J.—Must a discovery dispute involving a nonparty to an arbitration proceeding be submitted first to the arbitrator? If so, what is the scope of judicial review of an arbitrator's order compelling a nonparty to the arbitration to comply with a party's discovery subpoena? We conclude, as the Court of Appeal did, that the dispute must be submitted first to the arbitral, not the judicial, forum, and that the nonparty is entitled to full judicial review of the arbitrator's discovery order.

I

On August 23, 2000, Daniel L. Berglund filed a complaint in the San Diego Superior Court for battery, breach of fiduciary duty, and negligence based on medical care and treatment he received. Plaintiff alleged, among other things, that one of his treating physicians was impaired by his abuse of narcotics at the time he treated plaintiff. Named as defendants were a number of physicians and organizations that had provided plaintiff with medical care, including Arthroscopic & Laser Surgery Center of San Diego, L.P. (ALSC).

Berglund served on ALSC a subpoena requesting the production of certain documents, including medication logs pertaining to "missing medications, prescriptions and/or other chemical substances" for the period 1997 to 1999. ALSC objected on the ground that the documents were statutorily privileged. (Evid. Code, § 1157; Health & Saf. Code, § 1370.)

In February 2001, the superior court granted a motion by defendants other than ALSC to compel contractual arbitration, and a retired judge became the arbitrator. Because ALSC was not a party to any arbitration agreement, Berglund's case against it was not subject to arbitration and remained pending in the superior court.

In June 2001, Berglund filed in the superior court a motion to compel production of the requested documents. On July 23, 2001, the court denied the motion to compel production, ruling that, as ALSC had asserted, the documents were statutorily privileged. After Berglund filed a first amended complaint against ALSC, Berglund and ALSC settled the court action. In October 2003, the superior court approved the settlement as having been entered into in good faith. (Code Civ. Proc., § 877.6, subd. (c).)[1] The court then dismissed with prejudice Berglund's complaint against ALSC.

---

[1] All further statutory references are to the Code of Civil Procedure.

In July 2004, in the arbitration proceeding, Berglund served on ALSC, a *nonparty* to the arbitration, a discovery subpoena for the production of ALSC's "documents reflecting inventory lists of Narcotic medications which were discovered missing during the period of time from 1996 to January of 2000." ALSC asserted that the documents were privileged and on August 9 it sought a protective order in the *superior court* to preclude Berglund from obtaining the documents he had sought to discover at the arbitration proceeding, to which ALSC was not a party.

Thereafter, Berglund filed with the *arbitrator* a motion to compel production of the documents. On September 23, 2004, the arbitrator concluded that he had jurisdiction to rule on the motion, and he directed ALSC to produce the requested documents for the arbitrator's in camera review.

On October 7, 2004, the *superior court* denied ALSC's August 9 motion for a protective order. The court ruled that the arbitrator, not the court, had jurisdiction over Berglund's discovery subpoena and thus was empowered to compel, as the arbitrator had done, production of the subpoenaed documents. ALSC then filed in the superior court a notice of appeal, and it filed in the Court of Appeal a motion for a stay, or alternatively a petition for writ of supersedeas, prohibition, or other appropriate relief. The Court of Appeal denied the request for a stay and it denied the writ petition, but it allowed ALSC's appeal to proceed with respect to the superior court's order denying ALSC's motion for a protective order. A divided Court of Appeal panel reversed and remanded the matter for further proceedings.

The lead opinion of the three-justice panel of the Court of Appeal held in part I that an arbitrator has statutory authority to enforce discovery subpoenas against a *nonparty* in personal injury cases (§ 1283.05, subd. (b)), and that therefore the arbitration proceeding is the proper forum for a nonparty to challenge the discovery sought by a party to the arbitration. In part II, the lead opinion held that the limitations on judicial review of arbitration decisions involving *parties* to the arbitration are not applicable to an arbitrator's discovery orders against *nonparties*. To hold otherwise, the lead opinion reasoned, would be a radical departure from the principle that persons or entities cannot be forced to arbitrate controversies that they have not agreed to arbitrate. (See *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 481 [121 Cal.Rptr. 477, 535 P.2d 341]; *Marsch v. Williams* (1994) 23 Cal.App.4th 250, 255 [28 Cal.Rptr.2d 398].) It stated that "[i]n the absence of an express and unambiguous provision in the statute, it is difficult to conclude the Legislature intended to deny *nonparties* full judicial review of an

arbitrator's discovery orders." (Italics added.) One justice agreed with the lead opinion's holding in part I of the opinion but not with its holding in part II. The other justice concurred in the lead opinion's holding in part II but did not join its holding in part I. We granted Berglund's petition for review to decide whether an arbitrator's discovery order against a *nonparty* is subject to full judicial review.

## II

█ Generally, an arbitrator's decision in a dispute between *parties* to an arbitration agreement is subject to only limited judicial review. This is why: An "arbitration decision is final and conclusive *because the parties have agreed that it be so*." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Arbitration by agreement is often a "process in which parties voluntarily trade the safeguards and formalities of court litigation for an expeditious, sometimes roughshod means of resolving their dispute." (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 831 [88 Cal.Rptr.2d 366, 982 P.2d 229].) Because "arbitral finality is a core component of the parties' agreement to submit to arbitration" (*Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at p. 10) and because arbitrators are not required to make decisions according to the rule of law, parties to an arbitration agreement accept the risk of arbitrator errors (*id.* at p. 12), and arbitrator decisions cannot be judicially reviewed for errors of fact or law even if the error is apparent and causes substantial injustice (*id.* at pp. 11, 33; see *Vandenberg v. Superior Court, supra*, 21 Cal.4th at p. 832). " 'As a consequence, arbitration awards are generally immune from judicial review.' " (*Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at p. 11.)[2]

█ Discovery in arbitration is generally limited. (*Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1088 [106 Cal.Rptr.2d 431]; *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th

---

[2] The authority of the courts to vacate an arbitration award is limited by statute. Courts may vacate an award when (1) the award was procured by corruption, fraud, or other undue means; (2) an arbitrator was corrupt; (3) misconduct of the arbitrator substantially prejudiced a party's rights; (4) the arbitrator exceeded his or her powers; (5) an arbitrator's refusal to postpone the hearing or hear material evidence substantially prejudiced the rights of a party; or (6) an arbitrator failed to disclose a ground for disqualification or improperly failed to disqualify himself or herself. (§ 1286.2, subd. (a).) With respect to arbitrations involving unwaivable statutory rights, they are subject to judicial review " 'sufficient to ensure that arbitrators comply with the requirements of the statute' at issue." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 106 [99 Cal.Rptr.2d 745, 6 P.3d 669].) None of these situations is present here.

677, 690 [99 Cal.Rptr.2d 809].) Sections 1283.1 and 1283.05, however, grant arbitrators authority over discovery in certain arbitration proceedings. Section 1283.1's subdivision (a) provides that section 1283.05 is incorporated into and made a part of every agreement to arbitrate any dispute arising out of a claim for wrongful death or for personal injury.

■ As pertinent here, section 1283.05's subdivision (a) states that after the appointment of an arbitrator, the parties to the arbitration have the same rights to take depositions and obtain discovery and to "exercise all of the same rights, remedies, and procedures, and be subject to all of the same duties, liabilities, and obligations in the arbitration . . . as provided in" the statutory provisions governing subpoenas (§§ 1985–1997) and in the Civil Discovery Act (§ 2016.010 et seq.) "as if the subject matter of the arbitration were pending before a superior court of this state in a civil action . . . ." Thus, parties to arbitration have a right to discovery. And because section 1283.05's subdivision (a) incorporates the Civil Discovery Act and that law permits discovery from nonparties (§ 2020.010 et seq.), the right to discovery includes discovery from nonparties.

■ Section 1283.05's subdivision (b) grants arbitrators the power to enforce discovery through sanctions "as can be or may be imposed in like circumstances in a civil action by a superior court of this state under the provisions of [the Code of Civil Procedure], except the power to order the arrest or imprisonment of a person." Thus, in an arbitration proceeding the arbitrator's power to enforce discovery resembles that of a judge in a civil action in superior court (*Alexander v. Blue Cross of California, supra*, 88 Cal.App.4th at p. 1090), including the authority to enforce discovery against nonparties through imposition of sanctions (§ 2023.030).

Section 1283.05's subdivision (c) grants arbitrators the power to issue discovery orders imposing "terms, conditions, consequences, liabilities, sanctions, and penalties," and it states that *"such orders shall be as conclusive, final, and enforceable as an arbitration award on the merits*, if the making of any such order that is equivalent to an award or correction of an award is subject to the same conditions, if any, as are applicable to the making of an award or correction of an award." (Italics added.)

■ We agree with the Court of Appeal majority that all discovery disputes arising out of arbitration must be submitted first to the arbitral, not the judicial, forum. That conclusion follows logically from section 1283.05, which grants parties to an arbitration proceeding the right to discovery,

including discovery from nonparties; authorizes arbitrators to order discovery; and expressly gives arbitrators the power to enforce discovery rights and obligations. Because the Legislature granted arbitrators the authority to order a nonparty to an arbitration proceeding to provide discovery to a party, and granted arbitrators the power to enforce discovery, it is reasonable to infer that the Legislature intended discovery disputes arising out of arbitration to be initially litigated before the arbitrator.

Earlier, we mentioned that existing law provides for only limited judicial review of an arbitration decision against a *party*. (See p. 534 & fn. 2, *ante*.) According to Berglund, such limited judicial review also applies to an arbitrator's discovery order against a *nonparty*, as ALSC is here. In support, Berglund cites section 1283.05. But subdivisions (a) and (b) of that statute say nothing about the scope of judicial review of an arbitrator's discovery decision against a nonparty. Nor, as we shall explain, does the language of subdivision (c) lend support to Berglund's view.

That provision states in pertinent part that an arbitrator's discovery order is "as conclusive, final, and enforceable as an *arbitration award* on the merits." (§ 1283.05, subd. (c), italics added.) In this way, the statute links arbitrator discovery orders to arbitration awards—making arbitrator discovery orders neither more nor less conclusive, final, and enforceable than arbitration awards on the merits. Because the existence and scope of judicial review affects the finality and conclusiveness of an order or decision, we construe this language as making arbitration awards subject to judicial review that is neither more nor less limited than judicial review of arbitration awards. Accordingly, we proceed with our analysis by examining the scope of judicial review of arbitration awards as to both parties and nonparties.

As discussed on page 534, *ante*, judicial review of arbitration awards as to *parties* is limited. Therefore, unless the arbitrator's award falls into one of the few applicable exceptions (see *ante*, at p. 534, fn. 2), the arbitrator's award is conclusive and final as to the *parties*. But does that finality extend to *nonparties*? The answer is "no," because without consent a nonparty to an arbitration agreement cannot be compelled to arbitrate a dispute. (*Buckner v. Tamarin* (2002) 98 Cal.App.4th 140, 142 [119 Cal.Rptr.2d 489]; *Benasra v. Marciano* (2001) 92 Cal.App.4th 987, 990 [112 Cal.Rptr.2d 358]; *Rhodes v. California Hospital Medical Center* (1978) 76 Cal.App.3d 606, 609 [143 Cal.Rptr. 59]; see *EEOC v. Waffle House, Inc.* (2002) 534 U.S. 279, 294 [151 L.Ed.2d 755, 122 S.Ct. 754] ["It goes without saying that a contract cannot bind a nonparty."]; *Vandenberg v. Superior Court, supra,* 21

Cal.4th at p. 831 [nonparties to arbitration award cannot invoke doctrine of collateral estoppel against parties to an arbitration award].)

By linking arbitrator discovery orders to arbitration awards in section 1283.05's subdivision (c)—giving both the same degree of finality and thus, by implication, the same scope of judicial review—the Legislature has made the rule limiting judicial review of arbitration awards applicable as well to judicial review of arbitrator discovery orders. But did the Legislature intend to make that rule applicable when judicial review is sought by a nonparty to the arbitration, or only when judicial review is sought by a party? The pertinent language in subdivision (c) is susceptible of either interpretation.

One way to construe the statutory language making an arbitrator's discovery order "as conclusive, final, and enforceable as an arbitration award" (§ 1283.05, subd. (c)) is to impose on judicial review of an arbitrator discovery order, *whether sought by a party or a nonparty*, the same limitations that would apply to *a party's* review of an arbitration award. But that construction would violate the principle that *nonparties* to arbitration are not bound by an arbitrator's decision because the arbitrator's authority is derived from the parties' consent and, as we explained earlier, nonparties have not consented to arbitration.

The other way to construe that statutory language is to impose on judicial review of arbitrator discovery orders the limitations that would apply to a party's review of an arbitration award only when a party seeks judicial review of the order, allowing nonparties to obtain full judicial review of arbitrator discovery orders made against them. By requiring a more thorough and exacting judicial review of arbitrator discovery orders against nonparties, that construction would impose greater burdens on judicial resources, but it would also provide greater protection of the legal rights of nonparties who, by definition, have not consented to arbitration. As discussed at page 534, *ante*, arbitrators are not required to follow the law when resolving the parties' disputes, and their decisions as to parties cannot be judicially reviewed for errors of fact or law. Thus, giving arbitrator discovery orders the same deference normally given arbitration awards would substantially compromise the legal rights of nonparties against whom erroneous discovery orders may be made.

■ To determine whether arbitrator discovery orders against nonparties are subject to full or only limited judicial review, we apply the rule of construction that when a statutory provision is susceptible of two alternative interpretations, the one that leads to the most reasonable result will be followed. (*People v. Shabazz* (2006) 38 Cal.4th 55, 68 [40 Cal.Rptr.3d 750,

130 P.3d 519].) Here, construing section 1283.05's subdivision (c) as allowing full judicial review of arbitrator discovery orders against nonparties leads to the most reasonable result because it preserves the legal rights of nonparties.

■ That interpretation is also consistent "with our common practice of construing statutes, when reasonable, to avoid difficult constitutional questions." (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105 [29 Cal.Rptr.3d 249, 112 P.3d 636].) As pointed out by ALSC, a nonparty to the arbitration proceeding here, a contrary conclusion would implicate the nonparty's constitutional rights to due process of law (U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, § 7) because, as we noted earlier, the normal limitations on judicial review of arbitrator decisions mean that arbitrators need not follow the law and, apart from some narrow exceptions, their errors are not subject to judicial review and correction. Also, a statutory construction severely restricting a nonparty's right to judicial review of an arbitrator's discovery orders would raise serious separation-of-powers concerns insofar as it vested in a nongovernmental body (the arbitrator), and removed from the judicial branch, the authority to determine the legal rights of a person who had never agreed, contractually or otherwise, to be bound by the nonjudicial body's decisions. (See *McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 472 [20 Cal.Rptr.3d 428, 99 P.3d 1015] [" 'The judicial power is conferred upon the courts by the Constitution and, in the absence of a constitutional provision, cannot be exercised by any other body.' "]; *Department of Social Services v. Superior Court* (1997) 58 Cal.App.4th 721, 738 [68 Cal.Rptr.2d 239] [judicial function is to declare law and determine rights].)

■ Unpersuasive is Berglund's contention that because section 1283.05's subdivision (c) does not expressly *exclude* nonparties from its reach, it should be construed as providing only limited, not full, judicial review of an arbitrator's decision against a nonparty. The statutory language, however, is silent on the question. We cannot here draw any conclusions from the absence of legislative action. (See *Mejia v. Reed* (2003) 31 Cal.4th 657, 668 [3 Cal.Rptr.3d 390, 74 P.3d 166].)

■ Insisting that arbitrator discovery orders against nonparties are subject only to the limited judicial review that governs arbitration awards to parties, Berglund cites to the rule of statutory construction that statutes are to be harmonized to avoid anomalies. (*Fair v. Bakhtiari* (2006) 40 Cal.4th 189, 199 [51 Cal.Rptr.3d 871, 147 P.3d 653].) Berglund argues it would be anomalous to construe the statutory language in section 1283.05's subdivision (c) as requiring nonparty discovery disputes in arbitration proceedings to be submitted to the arbitrator (§ 1283.05, subd. (b)) without also construing subdivision (c) as requiring finality of arbitrator discovery decisions. We perceive no

anomaly in a statute under which parties to arbitration may seek discovery, discovery disputes are submitted to the arbitrator, and arbitrator discovery decisions against nonparties are subject to full judicial review. Such a system promotes judicial economy by requiring discovery disputes arising out of arbitration to be submitted first to arbitrators—who may be able to resolve many of those disputes—while protecting the legal rights of nonparties by allowing full judicial review of adverse arbitrator discovery orders against them. Unlike parties to the arbitration, nonparties, by definition, have not consented to arbitration and consequently have not agreed to the finality of arbitrator decisions. In this context, therefore, the principle of statutory construction that statutory provisions are to be harmonized is inapplicable.

 Contrary to Berglund's argument, affording nonparties to arbitration proceedings full judicial review of arbitrator discovery orders against nonparties does not undermine the policy in favor of arbitration, is not compelled by considerations of judicial efficiency, and will not result in inconsistent rulings. Arbitration, as we pointed out earlier, is consensual. (§ 1281.) The policy in favor of enforcing arbitration agreements (*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at pp. 96–97) is based on the assumption that "parties have elected to use [arbitration] as an alternative to the judicial process" (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.* (1996) 47 Cal.App.4th 237, 244 [54 Cal.Rptr.2d 628]; see *Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 10 ["an arbitration decision is final and conclusive *because the parties have agreed that it be so*"]). But that policy does not extend to those who are not parties to the arbitration agreement and, by definition, have not consented to arbitration. (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc., supra,* 47 Cal.App.4th at pp. 244–245; see *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 478 [103 L.Ed.2d 488, 109 S.Ct. 1248].) Although judicial efficiency is important, it must yield to the judiciary's primary function of protecting legal rights. (See *Department of Social Services v. Superior Court, supra,* 58 Cal.App.4th at p. 738 [courts " 'determine the rights of parties to a controversy before the court' "].) Here, the legal rights at issue are those of a nonparty to the arbitration proceeding. Finally, there is no risk of inconsistent decisions between the arbitrator and the court: If, upon judicial review of the arbitrator's discovery order, the court determines that the arbitrator erred, the court's decision supersedes that of the arbitrator.

 Nothing in the statutory scheme governing an arbitrator's discovery decisions indicates an intent by the Legislature to deprive a nonparty to the arbitration agreement—who, by definition, has not consented to the arbitration—of full judicial review of an adverse discovery order by the arbitrator.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.