KENNARD, J., Dissenting.
A condominium owners association sued the project’s developer over construction defects. The developer sought to have the dispute arbitrated.
The majority holds that the owners association is bound by an arbitration provision in the declaration of covenants, conditions, and restrictions (CC&R’s) drafted by the developer before the association came into existence as an independent entity. I disagree, because of the association’s lack of consent to the arbitration provision.
I
Defendant condominium developer drafted and recorded CC&R’s that, among other things, provided for the creation of a nonprofit corporation to be *259 called the “Pinnacle Museum Tower Association,” plaintiff here. The CC&R’s also stated that acceptance of any property deed would indicate agreement to have any construction dispute against the developer resolved through binding arbitration. When the developer recorded the CC&R’s, the owners association, as the majority acknowledges, had no existence independent of the developer.
After the developer completed construction and disposed of its interests in the condominium project, and after the association became an independent entity, the association sued the developer over various construction defects, including drainage and electrical problems. Relying on the arbitration provision in the CC&R’s, the developer asked the trial court to compel arbitration. The trial court denied the petition. The Court of Appeal upheld that ruling. This court then granted defendant’s petition for review.
II
Arbitration, which is an alternative to the judicial process (Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P. (2008) 44 Cal.4th 528, 539 [79 Cal.Rptr.3d 370, 187 P.3d 86]), “is a matter of consent, not coercion” (Volt Info. Sciences v. Leland Stanford Jr. U. (1989) 489 U.S. 468, 479 [103 L.Ed.2d 488, 109 S.Ct. 1248]). Thus, an arbitration provision is binding only if the parties have agreed to it. (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 10 [10 Cal.Rptr.2d 183, 832 P.2d 899].)
When defendant developer here recorded the CC&R’s, plaintiff owners association had no independent existence (see ante, at p. 259) and hence no say in the developer’s unilateral decision to have any construction disputes decided by binding arbitration. Lacking therefore is the association’s consent to the arbitration provision in the CC&R’s.
According to the majority, however, the owners association’s consent to the arbitration provision can be inferred from consent to it by the developer and individual condominium owners. (Maj. opn., ante, at pp. 240-241.) In support, the majority cites this court’s decision in Ruiz v. Podolsky (2010) 50 Cal.4th 838 [114 Cal.Rptr.3d 263, 237 P.3d 584] (Ruiz). But that decision is not on point here.
The issue in Ruiz was whether an arbitration agreement between a physician and a patient (who consented to arbitration) applied to wrongful death claims brought by the deceased patient’s heirs against the physician. A majority of this court concluded that the arbitration agreement extended to the patient’s heirs. The majority relied on Code of Civil Procedure section 1295, which states that any arbitration provision in a contract for medical *260 services must be mentioned in the contract’s first article. The statute also requires the contract to state that by agreeing to arbitration the parties give up their constitutional right to a jury trial. This statute, the Ruiz majority asserted, was designed “to permit patients who sign arbitration agreements to bind their heirs in wrongful death actions.” (Ruiz, supra, 50 Cal.4th at p. 849.) I dissented, expressing the view that the statute said nothing about a deceased patient’s heirs’ wrongful death claims, which are independent claims of the heirs, rather than being derivative of any claim by the patient. (Id. at pp. 855-858 (dis. opn. of Kennard, J.).)
The majority in Ruiz expressly limited its holding to wrongful death claimants. (Ruiz, supra, 50 Cal.4th at p. 854, fn. 5.) Such claimants are not involved in this case, in which a developer seeks to compel an owners association to arbitrate construction defect claims.
Moreover, Ruiz involved a statute that, as described by the majority, reflected a legislative intent that supported the majority’s holding. (Ruiz, supra, 50 Cal.4th at p. 849.) In contrast, the legislative scheme governing condominium developments, as involved here, indicates that the developer cannot unilaterally bind the owners association to arbitrate its construction defect claims. As expressed in Civil Code section 1369.510, subdivision (a), whether parties in common interest developments are bound by alternative dispute resolution procedures, such as arbitration, requires “the voluntary consent of the parties.” Thus, consent by the developer alone is insufficient.
Also unconvincing is the majority’s assertion that individual owners can consent to arbitration on behalf of the owners association. (Maj. opn., ante, at p. 241.) According to the majority, because the individual owners are the exclusive members of the association, the owners have the right to expect the association to be bound by the binding arbitration provision. (Ibid.) The association and the individual owners are not the same, however. The majority itself acknowledges that: “There is, of course, no question that an owners association functions as an entity distinct and separate from its owner members and may hold title to real property in a condominium development in its own name.” (Maj. opn., ante, at p. 239.) Thus, consent by the owners association itself is necessary before it can be compelled to submit to binding arbitration.
As I have explained, lacking here is the owners association’s consent to an arbitration provision in the CC&R’s drafted and recorded by the developer before the association’s independent existence. In compelling arbitration, which offers no right to a jury, the majority deprives the owners association of its constitutional right to have its construction defect dispute decided by a jury. In the words of our state Constitution: “Trial by jury is an inviolate right *261 and shall be secured to all. . . .” (Cal. Const., art. I, § 16.) This constitutional right, this court has said, “may not be abridged by act of the Legislature.” (People v. Collins (1976) 17 Cal.3d 687, 692 [131 Cal.Rptr. 782, 552 P.2d 742].)
I would affirm the judgment of the Court of Appeal.