Filed 1/12/15  Anderson v. Kaiser Permanente CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ADRIANA ANDERSON, | B252061 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC448028) |
| v. | |
| KAISER PERMANENTE MEDICAL GROUP et al., | |
| Defendants and Respondents. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

A. Marcus Hall & Associates and Alvin M. Hall for Plaintiffs and Appellants.

La Follette, Johnson, De Haas, Fesler & Ames, Brian W. Birnie and Jeffrey A. Rector for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff Adriana Anderson appeals the superior court's entry of judgment confirming the arbitration award in favor of Defendants Kaiser Foundation Hospitals, Inc., and Daniel V. Vigil, M.D. Plaintiff argues that the arbitration award should have been vacated by the superior court under Code of Civil Procedure section[1] 1286.2, subdivision (a)(5) because her rights were substantially prejudiced by the arbitrator's refusal to continue the arbitration hearing. We affirm the superior court's confirmation of the arbitration award because Plaintiff waived her request for continuance when her counsel stipulated to proceed with arbitration without any live testimony.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Adriana Anderson's father, Anthony Anderson, died from rectal cancer in 2009. Plaintiffs Adriana Anderson, Anthony Anderson, Jr., and Anthony Anderson's estate filed a wrongful death and medical malpractice action against Defendants in Los Angeles Superior Court, alleging the negligent failure to diagnose Anthony Anderson's rectal cancer in 2000. The court ordered the case into arbitration pursuant to the terms of the decedent's health plan contract with Kaiser. The arbitration hearing was set for October 9, 2012. In the interim, the parties filed motions; several of the evidentiary motions were pending at the time the arbitration commenced in October.

On October 5, 2012, Plaintiffs served an ex parte application for an order to continue the arbitration, which was scheduled to commence on October 9, 2012. Plaintiffs argued that due to their counsel's medical condition, which adversely affected his cognitive status and performance, and Plaintiff Adriana Anderson's absence from the country, they required a continuance of the arbitration until January 21, 2013. Specifically, counsel stated that he had recently changed medications to address his long-term hypertension and it had negatively impacted his ability to sleep. He also argued that because Plaintiff was studying abroad, the arbitration should be continued into January, after she was expected to return, even though Plaintiff's deposition had already been

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

2

taken by that point in time. Defendants opposed the motion to continue, arguing that Plaintiffs' counsel knew of Adriana Anderson's intended absence since January 2012 when the arbitration hearings were calendared and that Defendants would be greatly prejudiced by a continuance.

When the parties convened with the arbitrator on October 9, 2012, the arbitrator suggested and the parties agreed to meet and confer regarding the pending motions, which included Plaintiffs' motion to continue the arbitration. Plaintiffs' counsel and Defendants' counsel came to a mutual agreement about the continuance and pending evidentiary issues. The parties agreed to proceed with the arbitration, but that neither side would offer any live testimony. Rather, all evidence would be submitted in the form of declarations, deposition testimony, and medical records, and the parties could make oral closing arguments. The arbitrator never made a ruling on Plaintiff's request for a continuance. After reviewing the evidence and hearing argument, the arbitrator issued an award in favor of Defendants based on expiration of the statute of limitations and its factual finding that the initial treating physician (Dr. Vigil) met the standard of care when he treated Anthony Anderson in 2000.

Plaintiffs then petitioned the superior court for review of the arbitration award. Plaintiffs argued that the court must vacate the award under section 1286.2, subdivision (a)(5), because their rights were substantially prejudiced by the arbitrator's refusal to continue the arbitration hearing. Defendants opposed the petition and requested the court to enter judgment confirming the award. The superior court denied Plaintiffs' petition and entered judgment confirming the award, finding that the arbitrator never denied the continuance and that Plaintiffs suffered no prejudice as a result of proceeding with the arbitration as scheduled.

Solely Plaintiff Adriana Anderson appeals the court's judgment.

**DISCUSSION**

Plaintiff's only argument on appeal is that the superior court erred in confirming the arbitration award because she was substantially prejudiced by the arbitrator's denial of her request for a continuance. "Generally, an arbitrator's decision in a dispute between

3

parties to an arbitration agreement is subject to only limited judicial review." (*Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528, 534, italics omitted.) We do not review arbitration decision for errors of fact or law. (*SunLine Transit Agency v. Amalgamated Transit Union, Local 1277* (2010) 189 Cal.App.4th 292, 302.) Rather, our review of arbitration awards is typically limited to the statutory grounds for vacating or correcting an award, as set forth in sections 1286.2 and 1286.6. (*Id.* at pp. 302-303; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 12-13.) We review de novo the superior court's order confirming or vacating the arbitration award pursuant to these statutes. (*SWAB Financial LLC v. E\*Trade Securities LLC* (2007) 150 Cal.App.4th 1181, 1196 (*SWAB*); *Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1087.) "However, we apply the substantial evidence test to the trial court's ruling to the extent it rests upon a determination of disputed factual issues." (*SWAB,* at p. 1196.)

Here, Plaintiff asserts that pursuant to section 1286.2, subdivision (a)(5), we should vacate the arbitration award because she was prejudiced by the arbitrator's denial of her request for continuance. Under section 1286.2, subdivision (a)(5), courts shall vacate arbitration awards where "[t]he rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor . . . ." Plaintiff's counsel submitted a motion to continue the arbitration just four days prior to the first arbitration hearing. In the motion, counsel emphasized two reasons for continuance: Plaintiff's absence from the country and counsel's own medical condition.

Plaintiff asserts that the arbitrator "summarily denied" her motion for a continuance on October 9, 2013 and substantially prejudiced her by doing so. Yet, nowhere in the record is there evidence of this summary denial. Rather, substantial evidence supports the superior court's finding that there was no evidence that the arbitrator denied Plaintiff's requested continuance. The record indicates that the arbitrator never ruled on this issue and Plaintiff offers no citation to the record showing that her continuance was denied. Rather, the record reflects that on October 9, 2013, the

4

parties met and conferred regarding the motion for continuance and other pending motions regarding evidence, resolved the issues, and agreed to proceed with arbitration.

The arbitration award issued by the arbitrator evidences the parties' stipulation regarding the pending motions, which included Plaintiff's request for a continuance. When setting forth the procedural history of the case in the Arbitration Award, the arbitrator wrote: "There were motions and oppositions filed on both sides. The arbitrator was advised that the parties believed they could work out some form of stipulation that would narrow and address pending issues. After a brief and confidential meeting between them, the parties advised the arbitrator that they had reached [an] agreement. In lieu of live testimony at the arbitration hearing and ruling on various motions, the parties agreed they would submit the matter on declarations of the experts, medical records attached to respondent's arbitration brief and the deposition of claimant Adriana Anderson, decedent's daughter."

Defense Attorney Brian W. Birnie provided a declaration in support of Defendants' opposition to the motion to vacate the arbitration award, describing these events in greater detail. In his declaration, he stated that at the October 9, 2012 arbitration hearing, the arbitrator suggested and the parties agreed to meet and confer regarding the pending motions; one of the pending motions was Anderson's motion to continue the arbitration. Birnie attested that during the 20 to 40 minute meeting, Alvin M. Hall (Plaintiff's attorney) and Birnie mutually agreed to proceed with arbitration and resolved the pending evidentiary issues. Defendants explain that through this agreement, they "forfeited certain legal rights and potential remedies" in order to proceed with the arbitration and accommodate Hall's needs. Namely, pursuant to the agreement, Defendants could not present: any testimony from Defendant Dr. Vigil as his deposition had not been taken, live testimony from their own experts, or additional medical records. By the agreement, Defendants also waived their pending motion to exclude testimony from Plaintiffs' experts, which was based on Plaintiff's failure to produce their experts for deposition.

5

On appeal, Plaintiff briefly responds to Defendants' argument regarding the stipulation, arguing that the record fails to show "the degree of coercion that occurred ultimately compromising the Appellant's due process rights." Plaintiff asserts that Defendants' characterization of her participation in the arbitration as free and voluntary "wholly misrepresents what actually occurred and flies in the face of a formal request to continue the matter based upon medical considerations." Based on our review of the record, it appears that Plaintiff makes this argument for the first time on appeal. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["arguments not asserted below are waived and will not be considered for the first time on appeal"].) In addition, Plaintiff does not identify the manner in which she or her counsel was coerced or forced to stipulate to proceeding with the arbitration. Plaintiff also fails to provide us with any evidence of this alleged coercion. "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Plaintiff has failed to meet her burden on appeal as there is no evidence of, or even argument about, the existence of coercion below. Moreover, given the benefits Plaintiff obtained via the stipulation, namely an accommodation for her counsel's medical issue by the elimination of live testimony and waiver of Defendants' motion to exclude her experts, the stipulation itself does not appear coercive.

Based on the foregoing, the court's factual finding that the arbitrator did not deny Plaintiff's motion for continuance is supported by substantial evidence. As the court never refused to postpone the hearing, Plaintiff does not have a statutory basis for reversal under section 1286.2, subdivision (a)(5), which only authorizes vacating the arbitration award where "[t]he rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown . . . ." Plaintiff has not asserted any other statutory basis for setting aside the arbitration award. We therefore affirm the superior court's confirmation of the arbitration award.

## DISPOSITION

The judgment is affirmed.  Defendants Kaiser Foundation Hospitals, Inc., and Daniel V. Vigil, M.D., are awarded their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        KITCHING, Acting P. J.

I concur:



        ALDRICH, J.



        KUSSMAN, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7