Filed 3/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> CORA ROBINSON, <br><br>     Defendant and Appellant. | A158467 <br><br> (Solano County <br> Super. Ct. No. FCS048318) |

Cora Robinson appeals from a final judgment confirming an arbitration award entered against her in an uninsured-motorist dispute with her insurer, respondent State Farm Mutual Automobile Insurance Company (State Farm). She contends the trial court erred in confirming the arbitration award because the court had earlier improperly deemed admitted requests for admission that State Farm had propounded on her. We affirm.

In typical arbitration proceedings, discovery disputes are resolved by the arbitrator. (See Code Civ. Proc., § 1283.05.)[1] But in uninsured-motorist arbitration proceedings, discovery disputes are resolved by a trial court. (Ins. Code, § 11580.2, subd. (f).) The question of first impression here is whether trial court discovery orders in these proceedings are reviewable on appeal from a judgment confirming the arbitration award. We hold that they are

---

[1] All subsequent statutory citations are to the Code of Civil Procedure unless otherwise indicated.

not.  Section 1286.2 sets forth the exclusive grounds upon which appellate courts may vacate a judgment confirming an arbitration award, and a trial court error in issuing a discovery ruling is not among them.  As a result, a party's recourse to challenge an allegedly improper discovery ruling in an uninsured-motorist arbitration proceeding is through a timely petition for a writ of mandamus.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Robinson submitted a claim to State Farm for injuries sustained in an accident involving her car and an unidentified vehicle on the Carquinez Bridge.  The claim was made under her insurance policy's "uninsured driver" provision, and the parties agree that coverage was available only if the two cars came into contact.  (See Ins. Code § 11580.2, subd. (b)(1).)

An arbitration proceeding ensued, and State Farm propounded on Robinson a set of requests for admission.  The set included eight requests, all seeking to advance State Farm's defenses that there was either no contact between the two cars or that no damage resulted from any such contact.  Robinson failed to respond by the due date, and State Farm filed a motion under section 2033.280 in the trial court to have the requests deemed admitted and for sanctions.  After finding that Robinson had not "substantially complied" with sections 2033.220 or 2015.5—provisions governing responses to requests for admissions and the form of unsworn statements—the trial court deemed the requests admitted and awarded sanctions to State Farm.  Robinson's counsel subsequently moved under section 2033.300 to withdraw or amend the deemed admissions on the basis of inadvertence, but the court denied the motion.  We refer collectively to the trial court's orders deeming admitted the requests for admission and denying

2

the motion to withdraw or amend as the trial court's "discovery orders." Robinson did not file a petition for a writ of mandate in this court to challenge the trial court's discovery orders.

The arbitration proceeding was recommenced, and the arbitrator entered an award in favor of State Farm, relying on the established admissions that there was no contact between the cars. The trial court subsequently confirmed the arbitrator's award and entered judgment in favor of State Farm. Robinson appeals from the judgment.

## II.
### DISCUSSION

In their initial briefing, the parties focused on whether the trial court misapplied the law in issuing the discovery orders. Having a more fundamental concern, we directed the parties to submit supplemental briefing on our authority to review the discovery orders. Specifically, we asked whether section 1286.2 contains the exclusive grounds for judicial review of orders confirming uninsured-motorist arbitrations, and if so, whether any such ground applies here.

### A.    *The Applicable Law.*

Uninsured-motorist arbitration proceedings under " 'Insurance Code section 11580.2 [are] a form of contractual arbitration governed by the [California Arbitration Act].' " (*Briggs v. Resolution Remedies* (2008) 168 Cal.App.4th 1395, 1400.) One difference between these proceedings and most other arbitrations, as we have mentioned, is that in these proceedings discovery disputes are resolved by a trial court—not the arbitrator. (Ins. Code, § 11580.2, subd. (f); cf. *Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528, 535 [generally in contractual arbitration "discovery disputes arising out of arbitration must be submitted first to the arbitral, not the judicial forum"].)

3

It is axiomatic that judicial review of judgments confirming arbitration awards is limited. "[A]rbitral finality is a core component of the parties' agreement to submit to arbitration." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10.) Parties to an arbitration agreement must accept the risk of arbitrator errors because arbitrators are not required to make decisions according to the rule of law (*id.* at p. 12), and their decisions cannot be judicially reviewed for errors of fact or law even if the error is apparent and causes substantial injustice (*id.* at p. 11). " 'As a consequence, arbitration awards are generally immune from judicial review.' " (*Ibid.*)

In considering an appeal from a judgment confirming an arbitration award, we may not " 'review the merits of the dispute, the sufficiency of the evidence, or the arbitrator's reasoning, nor may we correct or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face. Instead, we restrict our review to whether the award should be vacated under the grounds listed in section 1286.2.' " (*EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063–1064.) Section 1286.2's limitations apply to the review of orders confirming arbitration awards in uninsured-motorist proceedings. (*Porter v. Golden Eagle Ins. Co.* (1996) 43 Cal.App.4th 1282, 1290 ["[J]udicial review of uninsured motorist arbitration proceedings . . . [should] also be limited to the grounds set forth in section 1286.2"].)

Thus, under section 1286.2 a reviewing court may vacate an arbitration award, including one issued in an uninsured-motorist arbitration, only on certain specified grounds. One ground allows a court to vacate an award if it was procured by fraud or improper means. (§ 1286.2, subd. (a)(1).) The remaining grounds allow a court to vacate an award for arbitrator wrongdoing, such as if the arbitrator was corrupt or engaged in prejudicial

4

misconduct, exceeded his or her powers and the award cannot be corrected without affecting the decision's merits, substantially prejudiced a party by refusing to postpone a hearing after sufficient cause was shown or otherwise acting contrary to the laws governing arbitrations, or failed to disclose a basis, or refused a proper demand, for disqualification. (§ 1286.2, subd. (a)(2)–(6).)

> B.      *We Cannot Review the Judgment Confirming the Arbitrator's Award Because None of the Grounds Under Section 1286.2 Has Been Established.*

Robinson maintains that we have the authority to vacate the arbitration award under section 1286.2, subdivision (a)(4), which allows awards to be vacated when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision."[2] She points out that this provision allows a reviewing court to "vacate an arbitration award where the arbitrator issues an award that violates a well-defined public policy or . . . a statutory right," and she argues that the award here is such an order because it violated a policy of resolving claims on the merits and violated her statutory right not to have had the requests for admissions deemed admitted.

We are not persuaded. To begin with, the plain text of section 1286.2, subdivision (a)(4), refers to *arbitrators*, and Robinson has not explained how this language authorizes appellate review of discovery rulings issued by *trial courts*. The errors about which Robinson complains are with the trial court's issuance of the discovery orders. The only action the arbitrator took was to

---

[2] We assume without deciding that Robinson preserved her current appellate argument. We note, however, that the record is silent on whether Robinson argued to either the arbitrator or the trial court that the arbitrator lacked the power to accept the trial court's discovery orders.

accept these rulings when it entered its award.  Even if the trial court may have exceeded its powers by violating a policy or statute in issuing the discovery orders—an issue we do not reach because Robinson did not properly seek review of the court's order—Robinson has not shown that the arbitrator exceeded his or her powers by accepting those orders.

Furthermore, allowing judicial review of a judgment confirming an arbitration award on the theory that the arbitrator accepted a trial court's erroneous discovery ruling would conflict with the well-established principle that, with "narrow exceptions," an arbitrator's decision is not reviewable for errors of fact or law.  (*Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at p. 11; see also *Shahinian v. Cedars-Sinai Medical Center* (2011) 194 Cal.App.4th 987, 1006 [when an arbitrator errs " ' "in either determining the appropriate law or applying it," ' the parties may obtain court review of the merits 'only if the arbitration agreement expressly provided' " for such review, italics omitted].)

We recognize that arbitrators may exceed their powers if their award "violates a statutory right or otherwise violates a well-defined public policy." (*Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193, 1195.)  But the arbitrator's acceptance of the trial court's discovery orders did not involve the kind of policy or statutory violation contemplated by section 1286.2, subdivision (a)(4).  Such a violation must relate to "rights and policies governing the conduct of the arbitration *itself*," not to rights and policies pertaining to the parties' substantive or procedural disagreements.  (*Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 765.)  So long as a disagreement is " '*within the scope of the controversy submitted to the arbitrator*[][,]  "[t]he arbitrator's resolution of these issues is what the

6

parties bargained for in the arbitration agreement.” ’ ” (*Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1089.)  Arbitrators do not exceed their powers when they decide “an issue [they were] clearly authorized to decide.”  (*Kahn v. Chetcuti* (2002) 101 Cal.App.4th 61, 66.)

In short, section 1286.2, subdivision (a)(4), provides us with no authority to review an arbitrator’s acceptance of a trial court’s discovery ruling in an uninsured-motorist arbitration proceeding on an appeal from the judgment confirming the arbitration award.

This conclusion does not leave parties in such a proceeding without means to seek review of a trial court’s discovery ruling, because they may file a timely petition for a writ of mandate.  (See, e.g., *Workman v. Superior Court* (1986) 176 Cal.App.3d 493, 495 [party sought writ of mandate to vacate trial court’s ruling on dispute over requests for admission in uninsured-motorist arbitration proceeding].)  Robinson argues that requiring parties to seek writ relief would establish an “ineffective and dangerous precedent,” because “the practical reality is [that obtaining] writ relief for discovery orders is virtually impossible.”

Although we recognize that writ review of discovery orders in civil actions is uncommon and generally disfavored (e.g., *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 773), we cannot agree that it is as improbable as Robinson supposes, especially in circumstances such as were present here.  To begin with, since section 1286.2 does not authorize post-judgment review of trial courts’ discovery rulings in uninsured-motorist proceedings, appellate courts may be more likely to grant timely writ review of these rulings because of the inadequacy of the legal remedy.  (See *Volkswagen of America, Inc. v. Superior Court* (2006) 139 Cal.App.4th 1481, 1487.)  And they may be even more likely to grant writ review when, as here,

7

the discovery ruling deemed admitted requests for admissions. "Because requests for admissions are more closely akin to summary adjudication procedures than to orthodox discovery, being designed not so much to 'discover' the facts and to expedite trial preparation as to render it unnecessary to try an otherwise triable issue of fact or law [citations], we do not apply the rule that a reviewing court should rarely interfere with pretrial discovery orders, particularly where such orders operate to grant discovery." (*Hansen v. Superior Court* (1983) 149 Cal.App.3d 823, 827–828, italics omitted.)

Finally, even if writ review of discovery orders may be rare, its availability to challenge trial court discovery orders in uninsured-motorist arbitration proceedings gives parties in these proceedings a recourse generally unavailable to parties in other types of arbitrations. In typical arbitrations where arbitrators decide discovery disputes, the discovery orders "shall be as conclusive, final, and enforceable as an arbitration award on the merits." (§ 1283.05, subd. (c).) "By linking arbitrator discovery orders to arbitration awards in section 12803.05's subdivision (c)—giving both the same degree of finality and thus, by implication, the same scope of judicial review—the Legislature has made the rule limiting judicial review of arbitration awards applicable as well to judicial review of arbitrator discovery orders." (*Berglund v. Arthroscopic & Laser Center of San Diego, L.P.*, *supra*, 44 Cal.4th at p. 537.) "This means that . . . even 'an error of law apparent on the face of the [discovery order] that causes substantial injustice does not provide grounds for judicial review.'" (*Alexander v. Blue Cross of California*, *supra*, 88 Cal.App.4th at p. 1091.) By contrast, in uninsured-motorist actions discovery disputes are resolved by the trial court, whose rulings may be

8

subject to deferential review but are not afforded the same presumption of finality.

Robinson asks that if we reject her appeal, we deem her appeal a writ of mandate from the discovery order. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [court may treat an appeal as a petition for a writ of mandate "under unusual circumstances"].) We decline to do so because we would be unable to provide Robinson with the relief she seeks even if we granted her request. If Robinson had appealed from the discovery order *before* judgment was entered, we could have exercised our discretion and treated the appeal as a petition for a writ of mandate, and we could have reviewed the trial court's alleged errors in issuing the discovery orders. But since Robinson's appeal was from the judgment confirming the arbitration award, our review of the discovery orders can have no consequence because we cannot vacate the judgment as no ground for doing so has been established under section 1286.2.

## III.
### DISPOSITION

The judgment confirming the arbitration award is affirmed.

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Banke, J.


*State Farm Mutual Automobile Insurance Co. v. Robinson*  A158467

Trial Court:

   Superior Court of the County of Solano


Trial Judge:

   Hon. Michael Mattice


Counsel for Plaintiff and Respondent:

   Brendon L.S. Hansen, Sarah I. Pama, Peter J. Hirsig, McNamara, Ney, Beatty, Slattery, Borges & Ambacher LLP


Counsel for Defendant and Appellant:

   Broderick H. Brown, Broderick H. Brown Law Firm; Sharon J. Arkin, The Arkin Law Firm


*State Farm Mutual Automobile Insurance Co. v. Robinson*  A158467