[No. F043836. Fifth Dist. Dec. 10, 2004.]

JAMES CRIPPEN, Plaintiff and Respondent, v.
CENTRAL VALLEY RV OUTLET, INC., Defendant and Appellant.

**COUNSEL**

Ruyle & Brewer, William K. Brewer; and David A. Kay for Defendant and Appellant.

William M. Krieg & Associates, William M. Krieg and Kimberly L. Mayhew for Plaintiff and Respondent.

**OPINION**

**WISEMAN, J.—** ■ It is now black letter law that a motion to compel arbitration must be denied if the arbitration agreement is *both* procedurally and substantively unconscionable. In this case, we focus on procedural unconscionability. We acknowledge that, in some situations, procedural unconscionability can be established simply by examining the written agreement and the nature of the relationship between the parties without the use of extrinsic evidence. That said, in spite of the moving party's best efforts, we conclude that he fails to prove that this particular arbitration agreement is procedurally unconscionable.

■ Most case law interpreting the enforceability of arbitration agreements has developed in the context of employment agreements. By contrast, the dispute in this case involved an allegedly defective motor home and an arbitration agreement contained in the purchase contract for the motor home. Defendant Central Valley RV Outlet, Inc., appeals from an order denying its motion to compel arbitration. Since the record contains no extrinsic evidence of procedural unconscionability, and none is inferable from the agreement itself or the relationship between the dealer and customer, we reverse and direct the trial court to grant the motion.

## *FACTUAL AND PROCEDURAL HISTORIES*

Plaintiff bought a used motor home from defendant. The parties executed a purchase contract which included, on a separate page, an "Arbitration Addendum" containing the following provisions: "All disputes, claims, or contro-

versies arising from or relating to the Contract or the relationships which result from the Contract, or the validity of this Arbitration Addendum (hereinafter the 'Agreement'), shall be resolved by binding arbitration by one arbitrator selected by us with your consent . . . . You agree that you shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to this Agreement or the Contract . . . . Notwithstanding anything here[in] [to] the contrary, we retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the property or to foreclosure on the property. Such judicial relief would take the form of a lawsuit. The institution and maintenance of any action for judicial relief in a court to foreclose upon any property, to obtain a monetary judgement or to enforce the Contract and this Agreement shall not constitute a waiver of the right of any party to compel [arbitration] regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought to us pursuant to this provision."

About nine months later, plaintiff filed a complaint against defendant in Fresno County Superior Court alleging that the motor home was defective. Stating that the action was brought on behalf of plaintiff and the general public, the complaint alleged fraud, negligence, and several statutory causes of action. It prayed for rescission of the purchase agreement, restitution, compensatory and punitive damages, attorney fees, injunctive relief, and restoration of funds to the public.

Defendant moved to compel arbitration. In opposing the motion, plaintiff argued that the Arbitration Addendum was procedurally and substantively unconscionable. It was substantively unconscionable because it gave defendant unilateral rights to sue and deprived plaintiff of the right to participate in class actions against defendant. In arguing that the Arbitration Addendum was procedurally unconscionable, plaintiff did not rely on any extrinsic evidence of the circumstances under which it was executed. Instead, plaintiff contended that procedural unconscionability could be inferred from the document itself, which it described as a contract of adhesion, and from the nature of the relationship between the parties.

The court denied the motion, setting forth its reasoning as follows: "The arbitration clause at issue is the same type of unilateral arbitration clause that was condemned and ruled unenforceable in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 117, 118 [99 Cal.Rptr.2d 745, 6 P.3d 669]. It gives defendant the right to enforce the security agreement or to foreclose on the property in a lawsuit, while plaintiff is prevented from using the court system for any reason."

The court made no reference in its ruling, or at the hearing, to evidence of procedural unconscionability.

## *DISCUSSION*

■ On appeal, defendant argues that the court erred in finding the arbitration agreement unconscionable and that, even if it were unconscionable, the court should have severed the provisions that made it so. We review de novo the court's decision on a motion to compel arbitration if extrinsic evidence is not at issue or is undisputed. (*Szetela v. Discover Bank* (2002) 97 Cal.App.4th 1094, 1099 [118 Cal.Rptr.2d 862]; *Flores v. Transamerica HomeFirst, Inc.* (2001) 93 Cal.App.4th 846, 851 [113 Cal.Rptr.2d 376].) The parties do dispute evidence that may be relevant to the issue of severability. Since we do not need to address this question, we review the decision de novo.

■ In the context of arbitration agreements, the California Supreme Court has described the elements of the doctrine of unconscionability, which is codified in Civil Code section 1670.5, subdivision (a), as follows: "[T]he doctrine has ' "both a 'procedural' and a 'substantive' element," the former focusing on " 'oppression' " or " 'surprise' " due to unequal bargaining power, the latter on " 'overly harsh' " or " 'one-sided' " results.' [Citation.] The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, ' "which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." ' [Citation.]" (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071 [130 Cal.Rptr.2d 892, 63 P.3d 979] [quoting *Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th at pp. 113–114].)The court may refuse to enforce an unconscionable contract, and if only part of a contract is unconscionable, the court "may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." (Civ. Code, § 1670.5, subd. (a).)

■ The party seeking to compel arbitration bears the burden of proving that an arbitration agreement exists. The opposing party then must prove any defense to enforcement of the arbitration agreement. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972 [64 Cal.Rptr.2d 843, 938 P.2d 903].) Here, plaintiff does not dispute the existence of the agreement, so the question is whether he has proven his defense of unconscionability.

Plaintiff's burden was to prove both procedural and substantive unconscionability. The greater the evidence there was of one of these, the less was required of the other: " 'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' [Citation.] But they need not be present in the same degree. 'Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.' [Citations.] In other words, the more substantively oppressive the contract terms, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at p. 114.)

In this case, plaintiff failed to show any procedural unconscionability at all. " 'The procedural element focuses on two factors: oppression and surprise. Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice . . . . Surprise involves the extent to which the terms of the bargain are hidden in a "prolix printed form" drafted by a party in a superior bargaining position.' " (*Olsen v. Breeze, Inc.* (1996) 48 Cal.App.4th 608, 621 [55 Cal.Rptr.2d 818].) Plaintiff did not introduce or rely on any evidence of the circumstances surrounding the execution of the agreement, so he could not show inequality of bargaining power, lack of negotiation, or lack of meaningful choice based on those circumstances. He has not presented us with any reason to suppose substantially unequal bargaining power was inherent in his relationship with the seller. Nor does the form of the document itself show procedural unconscionability. The Arbitration Addendum was not set in small type or hidden in a prolix form. It was printed on a separate page, in ordinary type, with "Arbitration Addendum" at the top, and was signed separately by plaintiff.

Plaintiff argues that, because the Arbitration Addendum was a form contract defendant used with many customers, it must have been a contract of adhesion and therefore procedurally unconscionable. But there is no general rule that a form contract used by a party for many transactions is procedurally unconscionable. Rather, "[p]rocedural unconscionability focuses on the manner in which the disputed clause is presented to the party in the weaker bargaining position. When the weaker party is presented the clause and told to 'take it or leave it' without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present."

(*Szetela v. Discover Bank, supra,* 97 Cal.App.4th at p. 1100.) There is no reason in this case to conclude that plaintiff lacked power to bargain. In general, nothing prevents purchasers of used vehicles from bargaining with dealers, even though dealers use form contracts, and nothing in the record shows that plaintiff could not bargain in this case.

Plaintiff relies on *O'Hare v. Municipal Resource Consultants* (2003) 107 Cal.App.4th 267 [132 Cal.Rptr.2d 116] and *Harper v. Ultimo* (2003) 113 Cal.App.4th 1402 [7 Cal.Rptr.3d 418] for the proposition that no extrinsic evidence of procedural unconscionability is necessary where it is inferable from the parties' relationship and the agreement itself. The proposition is correct, but the facts of the two cases show how little application it has here. *O'Hare* involved an arbitration agreement that employees of the defendant were required to sign. The agreement required the employee to arbitrate all claims against the employer, without discovery, but allowed the employer to file lawsuits against the employee. (*O'Hare v. Municipal Resource Consultants, supra,* 107 Cal.App.4th at p. 271.) The court held that procedural unconscionability was inferable from the agreement and the parties' relationship. In so holding, the court relied on remarks in *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, emphasizing the employee's weakness in the bargaining relationship with the employer: " '[I]n the case of preemployment arbitration contracts, the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement.' " (*O'Hare v. Municipal Resource Consultants, supra,* 107 Cal.App.4th at p. 283, quoting *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at p. 115.)

Nothing resembling this economic pressure is at issue in this case. There is nothing in this buyer-seller relationship from which we can infer a great disparity of bargaining power. In this regard, shopping for a motor home is simply not comparable to seeking employment.

In *Harper,* plaintiff homeowners signed an agreement with defendant building contractor to do work on the soil in their yard. A clause required arbitration of disputes between the parties under the arbitration rules of the Better Business Bureau. These rules were not attached to the agreement. The defendant rejected the plaintiffs' proposals to alter certain other provisions of

the contract. After the defendant caused extensive damage to the plaintiffs' home, the plaintiffs learned that the Better Business Bureau rules limited their remedies to completion of work, a refund, or damages of no more than $2,500 for injury to property. Other tort damages and punitive damages were not permitted. (*Harper v. Ultimo, supra,* 113 Cal.App.4th at p. 1405.)

The Court of Appeal held the arbitration agreement unenforceable. It found surprise and oppression and therefore procedural unconscionability:

"Here is the surprise: The customer must inevitably receive a nasty shock when he or she discovers that no relief is available even if out and out fraud has been perpetrated, or even if he or she merely wants to be fully compensated for damaged property.

"Here is the oppression: The inability to receive full relief is artfully hidden by merely referencing the Better Business Bureau arbitration rules, and not attaching those rules to the contract for the customer to review. The customer is forced to go to another source to find out the full import of what he or she is about to sign—and must go to that effort *prior* to signing." (*Harper v. Ultimo, supra,* 113 Cal.App.4th at p. 1406.)

Further, because the agreement did not say whether the Better Business Bureau rules in effect at the time of signing or the time of arbitration would control, the customer was also blindly signing on to a costly preliminary dispute over what rules would apply if there was a conflict. And the hidden provisions were not merely procedural: they capped the customer's property damage recovery at $2,500 and excluded various other remedies. (*Harper v. Ultimo, supra,* 113 Cal.App.4th at p. 1407.)

Again, nothing similar is at issue here. The problems with the agreement from which the *Harper* court inferred procedural unconscionability were far worse than merely being a form contract.

For these reasons, we hold that the record in this case discloses no procedural unconscionability. In light of our conclusion, we need not address whether there was a showing of substantive unconscionability or whether the court should have severed the challenged provisions.[1]

---

[1] In this appeal, plaintiff argues for the first time that the Arbitration Addendum violates the antiwaiver provision of the Consumer Legal Remedies Act (Civ. Code, § 1751) by purporting to waive the buyer's right to participate in a class action. Plaintiff contends that this voids the parties' agreement to arbitrate. We decline to exercise our discretion to reach an issue of law raised for the first time on appeal. (See, e.g., *Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1810 [12 Cal.Rptr.2d 510]; *Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167 [143 Cal.Rptr. 633].)

## *DISPOSITION*

The order denying the motion to compel arbitration is reversed. The trial court shall enter a new order granting the motion. Costs are awarded to defendant.

Vartabedian, Acting P. J., and Harris, J., concurred.