Filed 10/6/16  Cardenas v. Real Time Staffing Services CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALMA ROSA CARDENAS et al., | F071560 |
| Plaintiffs and Respondents, | (Super. Ct. No. 14CECG03335) |
| v. | |
| REAL TIME STAFFING SERVICES, LLC., | **OPINION** |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Seyfarth Shaw, Timothy L. Hix, Kiran Aftab Seldon and Daniel C. Whang for Defendant and Appellant.

Wilson Trial Group, Dennis P. Wilson; The Luti Law Firm and Anthony N. Luti for Plaintiffs and Respondents.

-ooOoo-

This appeal presents the question of whether the parties formed a contract to arbitrate their disputes.  The trial court found that no arbitration agreement was formed by the employer and employees in question and, consequently, there was nothing to enforce.  Accordingly, the court denied the employer's petition to compel arbitration.

The employer contends an agreement to arbitrate was formed when the employees completed online employment applications and placed their initials immediately below the voluntary arbitration provisions contained in each application. The employer argues these initials and the employees' electronic signatures at the end of the application demonstrated their consent to arbitration and waiver of class action claims. In the employer's view, the trial court denied its petition to compel arbitration on grounds that flatly contradict black-letter law.

The employees contend that they are Spanish speaking, none of the arbitration agreements were translated into Spanish, and none of the arbitration agreements were ever signed by them. The employees argue the employer, as the party seeking to compel arbitration, had the burden of establishing the existence of an arbitration agreement and simply failed to carry that burden.

We conclude the trial court was not required by law to accept the employer's evidence as credible or to draw inference from the evidence that is favorable to the employer. Therefore, the trial court did not err when it was unpersuaded by the employer's evidence about the formation of an agreement to arbitrate. The trial court's finding of fact that the employees did not consent to arbitration will stand.

We therefore affirm the order denying arbitration.

**FACTS**

Plaintiffs Alma Rosa Cardenas and Gabriela Arroyo-Briones are former hourly employees of defendant Real Time Staffing Services, LLC, which does business as Select Staffing. Plaintiffs have filed a putative class action against Select Staffing, alleging wage and hour claims. Select Staffing responded by filing a petition to compel arbitration.

*Select Staffing's Evidence*

Select Staffing supported its petition to compel arbitration with the declaration of Pattie Smith, a regional manager who is responsible for implementing and enforcing

2.

policies concerning the application process. Smith's declaration described Select Staffing's online employment application process as follows:

> "To submit an online application, an applicant must go to the Select Staffing website, fill out personal information such as their name, date of birth, contact information, social security number, and job history. Some personal information is required, and some is optional; some segments, such as the 'Legal Acknowledgments' section require the applicant to place their e-signature in the form of their initials in order to complete the application. However, the 'Arbitration Agreement' portion is voluntary, and the application form does not require applicants to initial this provision in order to complete the application. The voluntary nature of this provision is reflected on the electronic application form itself, which includes a red asterisk next to required fields, but notably does not include an asterisk next to the field for initials signifying assent to the Arbitration Agreement. Attached to the Appendix of Evidence as Exhibit A is a true and accurate copy of a screenshot of the online application form as viewed by an applicant at the time the form is completed."

Smith's declaration also stated that the application and all related legal notices and agreements are offered in Spanish on Select Staffing's website. Smith asserted that, at the end of the online application, applicants are asked to verify that the information provided is correct and then e-sign and date the application. This final e-signature is required to complete the application. Smith also asserted that once an application is completed, Select Staffing cannot change the information it contains.

After presenting the foregoing information about the online application process, Smith's declaration described each plaintiffs' application. As to Cardenas's application, Smith declared:

> "On August 29, 2013, Plaintiff Alma Cardenas submitted an electronic application for employment with Select Staffing via the Select Staffing website. She entered her name, telephone number, address, social security number, and answered questions about her prior work experience. Plaintiff Cardenas indicated that she read, authorized, and consented to the 'MUTUAL AGREEMENT REGARDING ARBITRATION AND CLASS CLAIMS' by placing her initials, 'ARC', at the end of this portion of her application. At the end of the application, Plaintiff Cardenas also entered her name 'ALMA R. CARDENAS' and entered the date, August 29, 2013

3.

to indicate that she certified that the information contained in the application was true and correct and that she read and understood all statements contained in the application. The application was then electronically time-stamped by Select Staffing indicating receipt of Plaintiff Cardenas' application at 3:26 p.m. on August 29, 2013. A true and correct copy of Plaintiff Cardenas' signed application and agreement to arbitrate claims is attached …."

Smith's declaration provided a similar description of Arroyo-Briones's online application. The applications attached to Smith's declaration were in English and the contents of those applications are as Smith described.

Smith also stated that Select Staffing hired Cardenas for a temporary assignment as a result of her online application. That assignment lasted from September 3, 2013, until January 4, 2014. Select Staffing hired Arroyo-Briones for a temporary assignment as a result of her online application. Her assignment started on April 7, 2013, and ended on August 23, 2014.

*Plaintiffs' Evidence*

Cardenas's declaration states that (1) she speaks Spanish and requires a translator to communicate in English; (2) she "was never provided the services of any sort of translation for any arbitration agreement"; (3) she never discussed, negotiated or otherwise provided input into the form of arbitration agreement attached to Select Staffing's petition to compel arbitration; (4) she was never provided with any of the attachments to the form of arbitration agreement used by Select Staffing; and (5) she never read, understood or agreed to be bound by the terms in the form arbitration agreement because no terms were provided to her in Spanish or in a manner that she could comprehend. Nevertheless, Cardenas appears to have understood the application process well enough to state that, based on her personal knowledge, "[t]he Arbitration Agreement was presented to me on a 'take it or leave it' basis."

The declaration of Arroyo-Briones used identical language. Both declarations include an interpreter's statement that the interpreter read the declaration to the plaintiffs

by translating it from English to Spanish and each plaintiff acknowledged to the interpreter that she understood it and it was accurate.

*The Arbitration Provision*

The employment applications provided by Select Staffing as attachments to Smith's declaration included two paragraphs under a bolded heading about a mutual agreement to arbitration and class actions. The first paragraph included the following: "In the event there is any dispute between Employer and I relating to or arising out of or relating to my employment … Employer and I agree to submit all such claims or disputes to be resolved by final and binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association within the state of employment." The second paragraph stated that any "claims must be submitted on an individual basis only and I hereby waive the right to bring or join any type of collective or class claim in arbitration, in any court, or in any other forum."

Immediately below the two paragraphs, the application forms completed by the plaintiffs stated: "Please initial authorization and consent for MUTUAL AGREEMENT TO ARBITRATE section*." The inclusion of asterisks on the printed versions of the completed applications was described in Smith's declaration as a computer error with her assurance that an asterisk did not appear in the online version. Thus, Smith stated that the voluntary nature of the arbitration provision "is reflected on the electronic application form itself, which includes a red asterisk next to required fields, but notably does not include an asterisk next to the field for initial signifying assent to the Arbitration Agreement." Smith supported this assertion about the asterisk by attaching an "accurate copy of a screenshot of the online application form as viewed by an applicant at the time the form is completed." A review of that copy of the screenshot shows the please-initial line under the arbitration provision was not followed by an asterisk. The problem with the asterisk may have undermined the trial court's willingness to trust the accuracy of any of the computer generated documents attached to Smith's declaration.

5.

**PROCEEDINGS**

In November 2014, plaintiffs, on behalf of themselves as individuals and others similarly situated, filed a complaint against Select Staffing and Del Monte Foods. The complaint alleged claims under the California Labor Code for failure to provide meal and rest breaks, failure to pay wages (including regular wages, overtime, split-shift pay, and wages owed at termination), and failure to provide accurate wage statements. Plaintiffs also asserted an unfair competition claim under Business and Professions Code section 17200, which they described as a "public interest private attorney general action."

In February 2015, Select Staffing filed a petition to compel arbitration of plaintiffs' claims. The petition relied on both federal and California statutes.

In March 2015, plaintiffs filed an opposition to the petition to compel arbitration. The opposition appears to contain material cut-and-pasted from another case and, thus, presented arguments and assertions of fact that did not correspond to Select Staffing's petition. Nonetheless, the opposition presented the argument that the court must first determine the existence of an arbitration agreement between the parties before addressing the various challenges to the enforceability of any such agreement.

Select Staffing filed a reply to plaintiffs' opposition that argued, among other things, plaintiffs had failed to address pertinent facts. For example, Select Staffing asserted that plaintiffs did not acknowledge that (1) they chose to complete their applications in English rather than Spanish or (2) they signed their initials to the arbitration provisions, which indicated their consent to be bound by those provisions.

The day after Select Staffing filed its reply, plaintiffs filed a first amended complaint, which alleged two additional causes of action and provided a new name for the defendant previously referred to as Del Monte Foods. The new claims alleged Select Staffing (1) failed to pay employees for reporting time and (2) violated the Private Attorneys General Act, Labor Code section 2698, et seq.

6.

The hearing on Select Staffing's petition to compel arbitration was set in April 2015. The day before the hearing, the trial court issued a tentative ruling to deny the petition. Select Staffing's counsel stated that they attempted to request oral argument. However, neither the trial court nor opposing counsel received the request. Consequently, the court did not allow the petition to be argued. However, at the hearing, counsel for Select Staffing made an oral request to be allowed to file a new petition to compel arbitration addressing the additional causes of action added by the first amended complaint. Plaintiffs' attorney responded by arguing that the substance of the tentative ruling, which resolved disputes of fact, also would apply to the new causes of action. Counsel for Select Staffing argued a petition to compel arbitration was a responsive pleading and, under the code, it was entitled to file a petition addressing the first amended complaint. The trial court denied Select Staffing's oral request to file another petition to compel.

The trial court's tentative ruling, which became its final order, addressed whether a contract was actually formed and the evidence relevant to that issue:

> "There is a dispute of fact presented by evidence as to whether or not plaintiffs, who speak only Spanish, were provided with information about the arbitration provision in that language. Plaintiffs, who are direct witnesses to their own employment, say they were not. Defendant, speaking through a manager who was not involved in the employment process of these two individuals, states that information in Spanish was available on a website on the date in question, but provides no copies or translation of it. The Court finds that plaintiffs' direct evidence is more persuasive, and that they did not agree to arbitrate any claims."

Based on this determination, the court denied the motion to compel arbitration, concluding it was not necessary to determine whether the arbitration clauses were enforceable.

Select Staffing filed a timely notice of appeal from the order denying its petition to compel arbitration.

7.

**DISCUSSION**

I.   FORMATION OF A CONTRACT TO ARBITRATE

    A.   <u>Petitioner's Burden to Prove an Arbitration Agreement Exists</u>

"The party seeking to compel arbitration bears the burden of proving that an arbitration agreement exists." (*Crippen v. Central Valley RV Outlet* (2004) 124 Cal.App.4th 1159, 1164.) The existence of a valid agreement to arbitrate is determined by reference to state law principles concerning the formation, interpretation, revocation and enforceability of contracts. (*Bolter v. Superior Court* (2001) 87 Cal.App.4th 900, 906.)

Here, the parties dispute whether an agreement to arbitrate existed and the trial court found it did not. Accordingly, we turn to the principles of contract law that address the formation of a contract.

    B.   <u>Rules Governing Contract Formation</u>

Under California law, a contract is formed when the following essential elements are present: (1) parties capable of contracting, (2) the consent of those parties, (3) a lawful object, and (4) adequate consideration. (Civ. Code, § 1550; see BAJI No. 10.55 [contract defined/elements].) "The consent of the parties to a contract must be: [¶] 1. Free; [¶] 2. Mutual; and, [¶] 3. Communicated by each to the other." (Civ. Code, § 1565.) Mutual consent is determined under an objective standard applied to the outward manifestations or expressions of the parties—that is, the reasonable meaning of their words and acts, and not their unexpressed intentions or expectations. (*Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 141.) The existence of mutual consent presents a question of fact. (*Ibid.*; BAJI No. 10.60 [mutual consent])

Whether the parties mutually consented to a particular term (such as arbitration) is determined under objective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. (*Merced County Sheriff's Employee's*

*Assn. v. County of Merced* (1987) 188 Cal.App.3d 662, 670; Civ. Code, §§ 1581 [communication of consent], 1636 [mutual intention at the time of contracting is ascertained].)

### C. Standard of Review

#### 1. *Fundamental Rules*

A general principle of appellate practice is that an "'order of the lower court is *presumed correct.*'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) Pursuant to this principle, an appellant will win on appeal only if it affirmatively shows an error occurred. (*Ibid.*)

The presumption of correctness is the foundation for the rule of appellate practice that, when the appellate record is silent on a matter, the reviewing court must indulge all intendments and presumptions that support the order. (*Denham*, *supra*, 2 Cal.3d at p. 564.) The intendments and presumptions indulged by the appellate court include inferring the trial court made implied findings of fact that are consistent with its order. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 [appellate courts must accept trial court's implied findings of facts that are supported by substantial evidence].)

#### 2. *Implied Findings as to Witness Credibility*

The presumption of correctness and the doctrine of implied findings encompass determinations about witness credibility. Therefore, when an appellant challenges a trial court's implied finding that some of the evidence presented was not credible, appellate courts apply the following principle: "A trier of fact is free to disbelieve a witness, even one uncontradicted, if there is any rational ground for doing so. [Citations.]" (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1043.) Rational grounds for disbelieving a witness include the factors listed in Evidence Code section 780, which include the witness's capacity and opportunity to perceive the matter and the witness's interest in the

matter being litigated. (Evid. Code, § 780, subds. (c), (d), (f); see *Pierce v. Wright* (1953) 117 Cal.App.2d 718, 723 [court is not bound to believe interested witness].) In short, California appellate courts have long recognized that "the trier of facts is not required to believe everything that a witness says even if uncontradicted. [Citations.]" (*Guerra v. Balestrieri* (1954) 127 Cal.App.2d 511, 515.)

These principles make it difficult for an appellant to successfully challenge a trial court's finding that a witness was or was not credible. An unfortunate result of this difficultly is that some appellate practitioners (1) fail to acknowledge that the trial court's decision contains implied credibility findings, (2) ignore the principles governing the review of a trial court's credibility findings, and (3) proceed as though they were entitled to a presumption that their evidence was both credible and accurate. Such appellants pin their hopes for reversal on the appellate court failing to recognize implied credibility findings inherent in the trial court's decision and accepting appellants version of the facts.

C.    Select Staffing's Theory of Mutual Consent

1.    *Version of Historical Facts*

Select Staffing's version of the facts relating to mutual consent and, thus, the formation of an agreement to arbitrate asserts that plaintiffs placed their initials in the box immediately below the arbitration provisions when they filled out applications online. To establish the existence of this fact, Select Staffing asserts that (1) a Spanish version of the application was available online when plaintiffs completed their applications; (2) plaintiffs chose to complete the English version of the application; (3) an accurate copy of the completed applications were provided to the court; and (4) Select Staffing cannot change the information contained in a completed online application.

2.    *The Question Presented*

The fundamental question before this court is whether we are required by law to accept Select Staffing's version of the historical facts or some other version of those

facts. We will evaluate this question by (1) examining the evidence Select Staffing presented to prove its version of the facts, (2) determining how the trial court assessed that evidence and what express or implied findings of fact it made after that assessment, and (3) applying the rules of appellate practice that govern our review of the trial court's express and implied findings of fact.

### 3. Analysis of the Evidence About Initials

Select Staffing attempted to prove that plaintiffs initialed the boxes indicating their consent to arbitration by presenting Smith's declaration. Smith stated that each plaintiff "indicated that she read, authorized, and consented to the [arbitration provisions] by placing her initials … at the end of this portion of the application" and that a true and correct copy of each plaintiff's signed application and agreement to arbitrate was attached to her declaration.

The trial court assessed this evidence by stating that plaintiffs were direct witnesses to the application process and Smith was not involved in the employment process of the plaintiff. Thus, in determining the credibility of Smith's assertions of fact, the trial court considered "[t]he extent of [Smith's] opportunity to perceive [the] matter about which [s]he testified." (Evid. Code, § 780, subd. (d) [considerations as to truthfulness of testimony].) Next, the trial court stated that it "finds that plaintiffs' direct evidence is more persuasive, and they did not agree to arbitrate any claims." This express finding about plaintiffs' evidence is consistent with an implied finding that Select Staffing's evidence was not credible. As a result, the applicable principles of appellate review require this court to infer or presume that the trial court impliedly found that Smith's declaration was not credible. (See pt. I.B, *ante*.) The logical consequences of this implied credibility finding and the principle that requires us to indulge all presumptions and intendments in favor of the trial court's order are that (1) the applications attached to Smith's declarations are not true and correct copies of the online

11.

applications completed by plaintiffs (because no copies of the alleged online Spanish version were provided as evidence and the completed printed version of the arbitration provisions contained the asterisk indicating that arbitration was mandatory) and (2) plaintiffs did not actually place their initials in the box approving the arbitration provisions when they completed the online applications.

We recognize that plaintiffs' declarations did not specifically state that they did not initial the boxes. Instead, the declarations contained the general statements that they "never … agreed to be legally bound to all of the above terms"—that is, the arbitration provisions. Many different inferences can be drawn from this general assertion about not agreeing, including the inference that they did not actually place their initials in the box following the arbitration provisions when completing the online application. Ultimately, however, whether plaintiffs' evidence was sufficient to support a finding that they did not initial the boxes is not the question before this court because Select Staffing had the burden of proving the existence of an agreement to arbitrate, which included proving the element of mutual consent. (*Crippen v. Central Valley RV Outlet*, *supra*, 124 Cal.App.4th at p. 1164 [burden of proof].)

When the appellant had the burden of proof in the lower court's proceeding and the trier of fact explicitly or implicitly concluded the appellant did not carry the burden, "the question for a reviewing court is whether the evidence compels a finding in favor of the appellant as a matter of law. [Citation.]" (*Wells Fargo Bank, N.A. v. 6354 Figarden General Partnership* (2015) 238 Cal.App.4th 370, 390.) Thus, "'it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.'" (*Valero v. Board of Retirement of Tulare County Employees' Assn.* (2012) 205 Cal.App.4th 960, 965.) Under the finding-compelled-as-a-matter-of-law standard, the finding is required only if the appellant's evidence was (1) uncontradicted and unimpeached and (2) of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding. (*In re I.W.* (2009) 180

12.

Cal.App.4th 1517, 1528.)  Here, Select Staffing has failed to meet this difficult standard. Smith was impeached by her failure to perceive the matters set forth in her declaration, her interest as the manager responsible for the online application process, the lack of physical evidence to support her allegation that a Spanish version of the arbitration provisions was provided online, and the completed printed version of the arbitration provisions, which contained an asterisk indicating that arbitration was mandatory.  Thus, Select Staffing has not established that the trial court was compelled as a matter of law to accept its version of the facts.

In sum, we conclude that Select Staffing has failed to demonstrate the element of mutual consent, which is necessary for the formation of an actual agreement to arbitrate. Therefore, the trial court correctly denied the petition to compel arbitration.[1]

II.     OTHER ISSUES

Based on the foregoing conclusion, we need not address the issues relating to (1) whether the initials on the application form, if placed there by plaintiffs, were sufficient to demonstrate their consent to arbitration, (2) substantive unconscionability, (3) procedural unconscionability, (4) the enforceability of the class action waiver, and (5) whether the trial court should have stayed any further court proceedings on the alleged

---

[1]     We recognize that existing rules of law relating to the employer's burden of proof and the trial court's role as the trier of fact create uncertainty for employers using online applications over whether the trier of fact will be convinced by the employer's evidence that the applicants actually consented to the arbitration provisions.  Select Staffing has not argued that this uncertainty should be addressed by changing the rules regarding the burden of proof or the rules of appellate review applied to a trial court's express and implied findings of fact about the formation of an agreement to arbitrate.  We note that employers using online applications may be able to reduce the uncertainty by requesting the trial court to (1) allow it to pursue, before the hearing on the motion to compel, discovery limited to matters affecting the formation and enforceability of an agreement to arbitrate or (2) allow it to examine the employees on such matters at the hearing on the motion to compel.  Here, Select Staffing made no such request.

violations of the Private Attorneys General Act pending the completion of arbitration of all of the remaining claims.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.  Plaintiffs shall recover their costs on appeal.


_____

FRANSON, J.

WE CONCUR:


_____

HILL, P.J.


_____

McCABE, J.[*]

---

[*]    Judge of the Superior Court of Merced County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14.