Filed 3/23/15  Valdez v. Santa Lucia Preserve Co. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARICELA VALDEZ et al.,<br><br>  Plaintiffs and Respondents,<br><br>  v.<br><br>SANTA LUCIA PRESERVE COMPANY,<br><br>  Defendant and Appellant. | H040685<br>(Monterey County<br> Super. Ct. No. M124666) |

## I.  INTRODUCTION

Plaintiffs Maricela Valdez, Maria Lupita Leon, Daniella R. Ibarra, and Victor Viorato filed a putative class action complaint alleging wage and other claims against their former employer, defendant Santa Lucia Preserve Company.  Defendant filed a motion to compel arbitration based on an arbitration agreement each plaintiff separately signed while employed.  The trial court denied the motion after determining that the parties' arbitration agreements, which were identical, were unconscionable.

On appeal, defendant contends that the arbitration agreements are not substantively unconscionable and that any unconscionable provision may be severed.  For reasons that we will explain, we determine that the arbitration agreements are not substantively unconscionable, and therefore we will reverse the trial court's order denying the motion to compel arbitration.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *The Complaint*

Plaintiffs filed a putative class action complaint against defendant alleging violations of the Labor Code and California wage orders, including the failure to pay overtime compensation (Lab. Code, §§ 510, 1194).  Plaintiffs also allege that defendant's conduct violated Business and Professions Code section 17200.  Plaintiffs seek, among other relief, civil penalties under the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.).

### B.  *The Motion to Compel Arbitration*

Defendant filed a motion to compel arbitration and to stay the action.  In the motion, defendant contended that each plaintiff executed an arbitration agreement in connection with their employment, that all their claims were subject to arbitration, and that the arbitration agreements were not unconscionable.  Defendant also contended that the arbitration agreements complied with the requirements set forth in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*).

In a supporting declaration, defendant's human resources manager described the company's new hire process and orientation during which the arbitration agreement and other employment policies are presented to employees.  She stated that each employee meets with a human resources manager during a new hire orientation.  Each document is explained to the employee before the employee signs it, and "key" policies from the employee handbook are addressed.  For Spanish-speaking employees, another Spanish-speaking employee or supervisor attends the orientation and translates for the employee.  According to the human resources manager, plaintiffs Valdez, Ibarra, and Viorato are "fluent English speakers."  Regarding plaintiff Leon, who speaks "some English," another employee attended her orientation and translated for her.  The human resources manager further stated that all documents signed by an employee are also signed by a

2

witness. In the case of plaintiffs' arbitration agreements, an assistant human resources manager signed each agreement.

In support of the motion to compel arbitration, defendant also provided copies of the two-page arbitration agreement signed by each plaintiff. The agreements are identical.

### 1. The first page of the arbitration agreement

The first page of the agreement states in relevant part:

"Any dispute or claim arising out of or relating to your employment with The Santa Lucia Preserve Company shall be decided by neutral binding arbitration under the Rules of the Judicial Arbitration and Mediation Services ('JAMS') in effect at the time the claim or dispute arose, and not by court action. . . .

"By entering into and continuing employment with The Santa Lucia Preserve Company, you are agreeing to have any dispute arising out of your employment with The Santa Lucia Preserve Company decided by binding neutral arbitration, and you are thereby waiving your right to have the dispute litigated in a public court or by jury trial. You also understand that the award of the arbitrator(s) is subject only to limited review and may not be altered or overturned even if it is incorrect legally or factually. These aspects of arbitration apply to The Santa Lucia Preserve Company as they do to you.

"However, arbitration does not apply to or cover claims for Workers' Compensation benefits, or unemployment insurance. Furthermore, either the Employee or The Santa Lucia Preserve Company shall have the right to seek immediate injunctive relief, including but not limited to a temporary restraining order or a preliminary injunction, from a court of competent jurisdiction where such relief is appropriate, and either party's attempt to attain such relief will have no effect on the arbitrability of the remainder of the claim upon which such relief is sought.

"All expenses and costs which are specific to the arbitration, including the arbitrator's fees and any costs of conducting an arbitration which would not occur

3

otherwise, shall be paid by The Santa Lucia Preserve Company except that each party shall bear his, her or its own attorneys' fees and costs unless the arbitrator awards attorneys' fees and costs in accordance with applicable law."

## 2. The second page of the arbitration agreement

The second page of the arbitration agreement states in relevant part:

"I expressly agree that I will submit any dispute related to my employment, including but not limited to . . . any alleged violation of any State and Federal law to final and binding arbitration under the provisions of this Arbitration Agreement. I also acknowledge that those arbitration provisions will survive the termination of my employment relationship with The Santa Lucia Preserve Company and will apply to all disputes which may arise between me and The Santa Lucia Preserve Company, excepting for claims for Workers' Compensation benefits, unemployment insurance benefits, and claims for immediate injunctive or relief as set forth in the arbitration provisions. The arbitrator shall be a retired judge selected by both parties from a panel provided by JAMS. Each party will be entitled to serve document requests and take two depositions. The arbitrator may order further discovery by either party upon a showing of substantive need.

"I further understand and agree that The Santa Lucia Preserve Company will pay the fees and costs of the arbitrator. Each party shall pay for its own costs and attorney's fee, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorney's fees, then the arbitrator may award reasonable attorneys' fees and costs to the prevailing party.

"I understand and agree that this agreement to arbitrate constitutes a waiver of my right to a trial by jury of any matters subject to arbitration under this agreement. I have read and reviewed this agreement and enter into it voluntarily."

4

**C.** *Opposition to the Motion to Compel Arbitration*

In opposition, plaintiffs contended that the arbitration agreements were procedurally and substantively unconscionable. Regarding procedural unconscionability, plaintiffs contended, among other arguments, that defendant never pointed out to them that the documents they were signing contained an arbitration agreement. Further, although they spoke Spanish as their first language and their supervisors communicated with them primarily or exclusively in Spanish, they were not provided with an explanation or translation of the arbitration agreement. They were also not provided with a copy of the JAMS rules referenced in the arbitration agreement. Plaintiffs further contended that they were not given the choice to opt out of the agreement, and they believed they had to sign the agreement in order to work for defendant.

Regarding substantive unconscionability, plaintiffs contended that the arbitration agreement lacked mutuality and applied only to claims asserted by an employee. Plaintiffs also argued that the arbitration agreement did not comply with the requirement in *Armendariz* that an arbitration agreement provide for a written award to enable judicial review. Plaintiffs contended that the unconscionable terms could not be severed from the arbitration agreement in order to cure the defective agreement.

Plaintiffs submitted declarations in opposition to defendant's motion to compel arbitration. According to the declarations, plaintiff Viorato was formerly employed by defendant as a maintenance worker, while plaintiffs Valdez, Leon, and Ibarra were formerly employed as housekeepers. Plaintiff Valdez was also a supervisor during part of her employment although she continued to perform the same housekeeping tasks.

According to plaintiffs' declarations, Spanish was the first language for each of them. Plaintiff Valdez also spoke and understood some English, but her ability to read or write was extremely limited. Plaintiffs Ibarra and Viorato also spoke and understood English. Plaintiff Leon did not speak, read, or write in English.

5

Plaintiffs' declarations indicated that each of them executed the arbitration agreement under similar circumstances. Defendant's human resources representative told each plaintiff that he or she had to sign documents in order to continue working for defendant. The documents were all in English, and the human resources representative, who spoke very limited Spanish, did not translate any of the documents into Spanish. The human resources representative lifted each page just enough for the plaintiff to see the signature space and sign it. Three of the plaintiffs recalled the human resources representative signing at least one page on a "witness" line. After each plaintiff signed approximately 20 pages, the human resources representative explained some of defendant's employment policies but not the arbitration agreement. Plaintiffs were not offered a copy of the JAMS rules. None of the plaintiffs knew what an arbitration agreement was, or that he or she had signed one, until counsel in this matter told them.

Plaintiff Valdez, who was a supervisor for part of her employment, was present when the human resources representative met with plaintiff Leon, who did not speak, read, or write in English. According to Leon, Valdez did not translate or explain any of the documents to Leon before Leon signed them.

### D. *Reply in Support of the Motion to Compel Arbitration*

In reply, defendant contended that the arbitration agreements were enforceable against plaintiffs. Defendant argued that plaintiffs were given an opportunity to ask questions about the agreement, and that in the exercise of reasonable diligence plaintiffs should have read the agreement before signing it. Defendant also contended that it was bound by the same terms of the agreement as plaintiffs.

### E. *The Trial Court's Order*

On November 22, 2013, a hearing was held on defendants' motion to compel arbitration. At the outset of the hearing the trial court expressed its belief that there was a mutual obligation to arbitrate under the arbitration agreement but that the agreement was nevertheless unconscionable. In particular, the court believed the agreement was

6

procedurally unconscionable because defendant did not translate or explain the agreement to "plaintiff" and did not provide a copy of the JAMS rules that were referenced in the agreement. Regarding substantive unconscionability, the court observed that *Armendariz* requires a written arbitration award in order to enable judicial review. The court believed the arbitration agreement at issue "dispense[d] with any meaningful review," because it provided only "limited review" and did not allow an arbitration award to be "overturned" even if it was "incorrect legally or factually." After hearing argument from counsel, the court stated that it was going to deny the motion.

In a written order filed January 7, 2014, the trial court denied defendant's motion to compel arbitration and to stay the proceedings. The court determined that the arbitration agreements were procedurally and substantively unconscionable, and that the unconscionability could not be cured by severance.

### III. DISCUSSION

Defendant contends that the trial court erred in denying its motion to compel arbitration and to stay the action. Defendant "does not contest the lower court's determination that there was some amount of procedural unconscionability." Defendant argues, however, that there was no evidence of substantive unconscionability. In particular, defendant contends that the arbitration agreements contain a mutual obligation to arbitrate, the arbitration agreements do not preclude a written award or findings, and the arbitration agreements do not impermissibly limit judicial review of an arbitration award. Defendant also contends that, to the extent the arbitration agreements contain an unconscionable provision, it may be severed and the arbitration agreements should be enforced.

Plaintiffs contend that the arbitration agreements are both procedurally unconscionable and substantively unconscionable, and that the trial court did not err in refusing to sever the unconscionable terms. In particular, regarding substantive unconscionability, plaintiffs argue that the arbitration agreements make "no mention of a

7

requirement of a written award," and the arbitration agreements impermissibly state that the arbitrator's award "is subject only to limited review and may not be altered or overturned even if it is incorrect legally or factually."

We will begin our evaluation with an overview of the general legal principles governing arbitration agreements, the defense of unconscionability, and the applicable standard of review. We will then consider the issue of substantive unconscionability because we find that issue dispositive. We do not reach the question of procedural unconscionability or severance.

**A.** *Legal Principles Regarding Arbitration Agreements, Unconscionability, and the Standard of Review*

The California Arbitration Act (CAA) (Code Civ. Proc., § 1280 et seq.)[1] "represents a comprehensive statutory scheme regulating private arbitration in this state. [Citation.] Through this detailed statutory scheme, the Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.] Consequently, courts will ' "indulge every intendment to give effect to such proceedings." ' [Citations.]" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.)

Section 1281.2 provides for trial court enforcement of private arbitration agreements. In the trial court, the party seeking arbitration bears the burden of proving the existence of an arbitration agreement by a preponderance of the evidence, and the party opposing arbitration bears the burden of proving by a preponderance of the evidence any defense, such as unconscionability. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972; accord *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236 (*Pinnacle*).)

---

[1] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

8

A court may refuse to enforce a contract found "to have been unconscionable at the time it was made." (Civ. Code, § 1670.5, subd. (a).) "Unconscionability consists of both procedural and substantive elements. The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. [Citations.] Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. [Citations.]" (*Pinnacle*, *supra*, 55 Cal.4th at p. 246.) "Both procedural unconscionability and substantive unconscionability must be shown" in order for an agreement to be unenforceable. (*Id.* at p. 247; accord, *Mission Viejo Emergency Medical Associates v. Beta Healthcare Group* (2011) 197 Cal.App.4th 1146, 1158-1160 (*Mission Viejo*); *Crippen v. Central Valley RV Outlet* (2004) 124 Cal.App.4th 1159, 1165, 1167 (*Crippen*).)

An order denying a petition to compel arbitration is an appealable order. (§ 1294, subd. (a).) On appeal, " 'we review the correctness of the order, and not the court's reasons . . . .' " (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201.) "If the appealed judgment or order is correct on any theory, then it must be affirmed regardless of the trial court's reasoning . . . ." (*Ibid.*) " '[W]here an unconscionability determination "is based upon the trial court's resolution of conflicts in the evidence, or on the factual inferences which may be drawn therefrom, we consider the evidence in the light most favorable to the court's determination and review those aspects of the determination for substantial evidence." [Citation.]' " (*Lhotka v. Geographic Expeditions, Inc.* (2010) 181 Cal.App.4th 816, 820-821.) However, where, as here, the relevant "evidence is not in conflict, we review the trial court's denial of arbitration de novo. [Citation.]" (*Pinnacle*, *supra*, 55 Cal.4th at p. 236.)

9

**B.** *Absence of Substantive Unconscionability*

### 1. Mutual obligation to arbitrate

Plaintiffs argued below that the arbitration agreements are substantively unconscionable because the agreements lack mutuality.  Plaintiffs contended that the only claims subject to arbitration are "those arising out of or relating to the employees' employment, and not affirmative claims brought by the employer."  Plaintiffs also argued that defendant's representative had only signed the arbitration agreement as a witness "and not as a party bound to the contract."

Defendant contends, as it did below, that the arbitration agreements contain a bilateral or mutual obligation to arbitrate.  Defendant also argued below that it was bound by the arbitration agreements because its human resources manager had signed the agreements and the agreements were provided to plaintiffs as part of a new hire packet.

Generally, an arbitration agreement must be in writing but "[a] signed agreement is not necessary." (*Pinnacle*, *supra*, 55 Cal.4th at p. 236.)  Further, "arbitration clauses may be limited to a specific subject or subjects and . . . such clauses are not required to 'mandate the arbitration of all claims between [the parties] in order to avoid invalidation on grounds of unconscionability.' [Citation.]" (*Id.* at p. 248.)  However, "[a]n arbitration agreement is substantively unconscionable if it requires the employee but not the employer to arbitrate claims.  [Citation.]" (*McManus v. CIBC World Markets Corp.* (2003) 109 Cal.App.4th 76, 100 (*McManus*).)  In *McManus*, the arbitration clause at issue provided, " 'All disputes arising out of your employment or the termination of your employment . . . will be submitted to and resolved exclusively by a panel of arbitrators from the NASD Dispute Resolution, Inc. or the New York Stock Exchange.' " (*Ibid.*)  The appellate court determined that "[t]his language creates a mutual obligation to compel [the employer] to arbitrate any claims against the employee." (*Ibid.*)

In the present case, defendant presented to plaintiffs written arbitration agreements containing language similar to the arbitration clause in *McManus*.  Specifically, each

10

plaintiff's arbitration agreement states, "Any dispute or claim arising out of or relating to your employment with The Santa Lucia Preserve Company shall be decided by neutral binding arbitration under the Rules of the Judicial Arbitration and Mediation Services ('JAMS') in effect at the time the claim or dispute arose, and not by court action." As in *McManus*, "[t]his language creates a mutual obligation to compel [the employer] to arbitrate any claims against the employee." (*McManus*, *supra*, 109 Cal.App.4th at p. 100.)

Other provisions in the parties' arbitration agreements also indicate a mutual obligation to arbitrate. The arbitration agreements refer to the waiver of a court or jury trial and state that "[t]hese aspects of arbitration apply to The Santa Lucia Preserve Company as they do to you." The parties' arbitration agreements also refer to the right of "either the Employee or The Santa Lucia Preserve Company" to seek injunctive relief from a court and state that "either party's attempt to attain such relief will have no effect on the arbitrability of the remainder of the claim upon which such relief is sought." This reference to affirmative claims for injunctive relief by an employee or defendant, and the arbitrabililty of such claims, necessarily contemplates that both the employee and defendant are required to arbitrate claims arising out of the employment relationship.

Accordingly, we determine that the parties' arbitration agreements impose a mutual obligation to arbitrate on the plaintiff employees and the defendant employer.

### 2. Written award and limited judicial review

The parties' arbitration agreements do not expressly address whether the arbitration award must be in writing. The arbitration agreements state that the rules of JAMS apply to the arbitration. Regarding review of the arbitration award, the agreements state: "You also understand that the award of the arbitrator(s) is subject only to limited review and may not be altered or overturned even if it is incorrect legally or factually."

11

Plaintiffs argued below that the arbitration agreements were substantively unconscionable because they "dispense with a written award" and "with any meaningful review" of the arbitration award. Plaintiffs now acknowledge that the JAMS rules "provide for a written award in this case."**2** Plaintiffs continue to assert, however, that the arbitration agreements are substantively unconscionable because they do "not provide for the level of judicial review required in the employment context." In contending that greater judicial review is required in the employment context, plaintiffs primarily rely on *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665 (*Pearson*).

Defendant contends that the language referring to limited review of an arbitration award is "informational" and a "statement of law," and not a condition or term of the arbitration agreements. Defendant also contends that nothing in the arbitration agreements precludes the judicial review described in *Pearson*.

### a. limited judicial review of arbitration awards in general

"Generally, an arbitrator's decision in a dispute between parties to an arbitration agreement is subject to only *limited judicial review*. This is why: An 'arbitration decision is final and conclusive because the parties have agreed that it be so.' [Citation.] Arbitration by agreement is often a 'process in which parties voluntarily trade the safeguards and formalities of court litigation for an expeditious, sometimes roughshod means of resolving their dispute.' [Citation.] Because 'arbitral finality is a core component of the parties' agreement to submit to arbitration' [citation] and because arbitrators are not required to make decisions according to the rule of law, parties to an

---

**2** We note that where an arbitration agreement is silent on whether a written arbitration award is required, that term may be "implied as a matter of law as part of the agreement. [Citation.]" (*Sanchez v. Western Pizza Enterprises, Inc.* (2009) 172 Cal.App.4th 154, 177.) We observe that plaintiffs now argue in this court that "the lack of *mention* of the written award in the Agreement" contributes to the procedural unconscionability of the agreement. (Italics added.) As we explain, we need not reach the issue of procedural unconscionability in this case.

12

arbitration agreement accept the risk of arbitrator errors [citation], and *arbitrator decisions cannot be judicially reviewed for errors of fact or law even if the error is apparent and causes substantial injustice* [citations]. ' "As a consequence, arbitration awards are generally immune from judicial review." ' [Citation.]" (*Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.* (2008) 44 Cal.4th 528, 534, fn. & original italics omitted, italics added (*Berglund*).) By statute, a court has the authority to vacate or correct an arbitration award under limited circumstances (see §§ 1286.2, subd. (a), 1286.6),[3] such as when the "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted" (§ 1286.2, subd. (a)(4)).

### b. judicial review of arbitration awards involving unwaivable rights

"[T]he scope of judicial review may be somewhat greater in the case of a mandatory employment arbitration agreement that encompasses an employee's

---

[3] Section 1286.2, subdivision (a) provides that an arbitration award may be vacated if: "(1) The award was procured by corruption, fraud or other undue means. [¶] (2) There was corruption in any of the arbitrators. [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. [¶] (6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision. . . ."

Section 1286.6 provides that an arbitration award may be corrected if: "(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or [¶] (c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

13

unwaivable statutory rights. [Citation.]" (*Pearson*, *supra*, 48 Cal.4th at p. 669.) "With respect to arbitrations involving unwaivable statutory rights, they are subject to judicial review ' "sufficient to ensure that arbitrators comply with the requirements of the statute" at issue.' [Citation.]" (*Berglund*, *supra*, 44 Cal.4th at p. 534, fn. 2.)

In *Armendariz*, the California Supreme Court considered the validity of an arbitration agreement imposed as a condition of employment where the plaintiff employees alleged antidiscrimination claims under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). (*Armendariz*, *supra*, 24 Cal.4th at p. 90.) The court determined that " 'an arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA' [citation], because the enforcement of such rights was for the public benefit and was not waivable [citation]. [The court] concluded that a party to such an arbitration agreement must be able to fully vindicate his or her statutory cause of action in the arbitral forum. [Citation.]" (*Pearson*, *supra*, 48 Cal.4th at p. 677 [explaining *Armendariz*].) In order to ensure such vindication, the court determined that an arbitration involving a FEHA claim is subject to certain minimal requirements, including " 'a written arbitration decision and *judicial review " 'sufficient to ensure the arbitrators comply with the requirements of the statute' "* [citation].' " (*Ibid.*, italics added.)

*Armendariz* involved a petition to compel arbitration, and not an actual arbitration award. The California Supreme Court explained that because it was "not faced . . . with a petition to confirm an arbitration award," it had "no occasion to articulate precisely what standard of judicial review is 'sufficient to ensure that arbitrators comply with the requirements of [a] statute.' [Citation.]" (*Armendariz*, *supra*, 24 Cal.4th at p. 107.) The court stated, "All we hold today is that in order for such judicial review to be successfully accomplished, an arbitrator in a FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." (*Ibid.*)

The California Supreme Court was subsequently "faced precisely with the question that was prematurely posed in *Armendariz*, i.e., the proper standard of judicial review of arbitration awards arising from mandatory arbitration employment agreements that arbitrate claims asserting the employee's unwaivable statutory rights." (*Pearson*, *supra*, 48 Cal.4th at p. 679.) In *Pearson*, an employee alleged discrimination under FEHA. (*Id.* at p. 670.) The employer successfully petitioned to compel arbitration, and the arbitrator decided in favor of the employer on the ground that the FEHA claim was time-barred under a contractual deadline for requesting arbitration. (*Id.* at pp. 671-672.)

After determining that the arbitrator misapplied a tolling provision under the CAA (see § 1281.12) and therefore erroneously found in favor of the employer, the California Supreme Court turned to the question of whether this legal error was a proper basis for vacating the arbitration award. (*Pearson*, *supra*, 48 Cal.4th at p. 675.) The court explained that, "as a result of the arbitrator's clear legal error, plaintiff's claim was incorrectly determined to be time-barred. Indeed, the legal error misconstrued the procedural framework under which the parties agreed the arbitration was to be conducted, rather than misinterpreting the law governing the claim itself." (*Id.* at pp. 679-680, fn. omitted.) The court found this to be a "paradigmatic example of when 'granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights' [citation]," where, "as a result of allowing the procedural error to stand, and through no fault of the employee or his attorney, the employee will be unable to receive a hearing on the merits of his FEHA claims in any forum." (*Id.* at p. 680, italics omitted.)

The *Pearson* court thus held that "when . . . an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award. Stated in other terms, construing the CAA in light of the Legislature's intent that

15

employees be able to enforce their right to be free of unlawful discrimination under FEHA, an arbitrator whose legal error has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on such right has exceeded his or her powers within the meaning of Code of Civil Procedure section 1286.2, subdivision (a)(4), and the arbitrator's award may properly be vacated. [Citation.]" (*Pearson*, *supra*, 48 Cal.4th at p. 680.)

The *Pearson* court cautioned that it was not deciding whether "all legal errors are reviewable in this context, or . . . all errors involving the arbitration statute itself are reviewable." (*Pearson*, *supra*, 48 Cal.4th at p. 679.) Rather, the court addressed "only the case before [the court], and a narrower rule [was] sufficient for its resolution." (*Ibid.*)

### c. limited review in this case

In this case, at a minimum, plaintiffs' claim for overtime compensation (Lab. Code, §§ 510, 1194) involves an unwaivable statutory right (*Sullivan v. Oracle Corp.* (2011) 51 Cal.4th 1191, 1198). Consequently, the parties' arbitration of that claim is subject to the minimal requirements set forth in *Armendariz,* including " 'a written arbitration decision and judicial review " 'sufficient to ensure the arbitrators comply with the requirements of the statute.' " ' " (*Pearson*, *supra*, 48 Cal.4th at p. 677.) Moreover, to the extent plaintiffs are "unable to obtain a hearing on the merits" of their claim involving this unwaivable statutory right "because of an arbitration award based on legal error," pursuant to *Pearson* a "trial court does not err in vacating the award." (*Id.* at p. 680.)

The language at issue in the parties' arbitration agreements states: "You also understand that the award of the arbitrator(s) is subject only to limited review and may not be altered or overturned even if it is incorrect legally or factually." This is an accurate general statement of the law regarding arbitration awards. (See *Berglund*, *supra*, 44 Cal.4th at p. 534 [an arbitrator's decision is generally subject to only "limited judicial review" and "cannot be judicially reviewed for errors of fact or law even if the error is

16

apparent and causes substantial injustice"].)  Although an arbitration award arising from a mandatory employment arbitration agreement and involving an unwaivable statutory right is subject to " 'judicial review " 'sufficient to ensure the arbitrators comply with the requirements of the statute' " ' " (*Pearson*, *supra*, 48 Cal.4th at p. 677), the California Supreme Court has not articulated which errors are reviewable beyond the particular legal error arising in the specific context set forth in *Pearson* (see *id.* at pp. 679-680).

We believe that the parties' arbitration agreements do not limit judicial review in violation of *Pearson* or the legal authorities upon which *Pearson* relies.  Rather, we believe the sentence at issue, regarding "limited review" of an arbitration award and regarding an award not being "overturned even if it is incorrect legally or factually," merely attempts to inform the employee about the legal effect of the arbitration agreement in general, without attempting to unlawfully limit the judicial review available or otherwise set forth the narrow circumstances under which an award may be subject to judicial review and vacated or corrected.  (See, e.g., §§ 1286.2, subd. (a), 1286.6; *Berglund*, *supra*, 44 Cal.4th at p. 534 & fn. 2; *Pearson*, *supra*, 48 Cal.4th at pp. 669, 675-680.)  In this regard, the sentence at issue begins with the phrase, "You also understand," and then correctly sets forth the general legal principle concerning limited review of an arbitrator's award even if there is legal or factual error (see *Berglund*, *supra*, 44 Cal.4th at p. 534).

Even assuming the sentence itself operates to preclude judicial review of certain types of error in arbitration awards, it would not be unlawful in all circumstances and consequently its inclusion does not render the parties' arbitration agreements substantively unconscionable.  The California Supreme Court addressed an analogous situation in *Pearson*, and we find the court's analysis instructive.

In *Pearson*, the mandatory employment arbitration agreement contained language stating that it was the parties' intent to avoid the inconvenience of formal administrative proceedings.  (*Pearson*, *supra*, 48 Cal.4th at p. 680.)  The plaintiff argued that the

17

arbitration agreement was unconscionable based on this and another provision. The California Supreme Court determined that, to the extent the agreement could be understood to preclude formal administrative proceedings, "it would not be unlawful in all possible applications." (*Id.* at p. 681.)

The California Supreme Court further explained, "When an arbitration provision is ambiguous, we will interpret that provision, if reasonable, in a manner that renders it lawful, both because of our public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution, and because of the general principle that we interpret a contractual provision in a manner that renders it enforceable rather than void. [Citations.]" (*Pearson*, *supra*, 48 Cal.4th at p. 682.) The court construed the arbitration provision at issue as stating an intention by the parties to lawfully preclude submission of their claims for adjudication to an administrative entity to the extent permitted by case law. Based on this construction of the arbitration agreement, the court concluded that "the inclusion of a provision limiting resort to an administrative forum [did] not render the arbitration agreement unconscionable or unenforceable." (*Ibid*., fn. omitted.)

In this case, the sentence at issue in the parties' arbitration agreements, regarding an employee "understand[ing] that the award of the arbitrator(s) is subject only to limited review and may not be altered or overturned even if it is incorrect legally or factually," may reasonably be construed as lawfully restricting judicial review of an arbitration award, including for legal or factual errors, but only to the extent permitted by statutory and case law. (See, e.g., §§ 1286.2, subd. (a), 1286.6; *Berglund*, *supra*, 44 Cal.4th at p. 534 & fn. 2; *Pearson*, *supra*, 48 Cal.4th at pp. 669, 675-680.) As so construed, plaintiffs would not be precluded from obtaining the "somewhat greater" scope of judicial review that is available in an arbitration involving an employee's unwaivable rights, as set forth in *Pearson* for example. (*Pearson*, *supra*, 48 Cal.4th at p. 669; see *id.* at pp. 679-680.) We therefore conclude that the inclusion of the sentence regarding

18

limited review and regarding legally or factually incorrect arbitration awards in each of the arbitration agreements does not render the agreements substantively unconscionable.

### 3. Conclusion

Plaintiffs have contended that the arbitration agreements are substantively unconscionable because of a purported lack of mutuality regarding the requirement to arbitrate, the absence of a requirement regarding a written arbitration award, and the inclusion of a sentence regarding limited judicial review. We have determined that these arguments lack merit. Because plaintiffs have not established substantive unconscionability, and because both procedural unconscionability and substantive unconscionability must be shown in order to invalidate an arbitration agreement, plaintiffs have not established a valid defense to enforceability of the parties' arbitration agreements. (See *Pinnacle*, *supra*, 55 Cal.4th at pp. 246-247; *Mission Viejo*, *supra*, 197 Cal.App.4th at pp. 1158-1160; *Crippen*, *supra*, 124 Cal.App.4th at pp. 1165, 1167.) We therefore conclude that the trial court erred in denying defendant's motion to compel arbitration.

### IV. DISPOSITION

The order denying defendant Santa Lucia Preserve Company's motion to compel arbitration is reversed. The court is directed to enter an order granting the motion. The parties shall bear their own costs on appeal.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.